No. 5641.

## W. S. BLAIR *v.* THE STATE.

1. CARRYING PISTOL—DEPUTY SHERIFF.—The Statute (Rev. Stats., art. 4520) which empowers sheriffs to appoint, in writing, deputy sheriffs for their respective counties, requires that such deputy sheriffs, before entering upon the discharge of their official duties, shall take and sub-scribe the constitutional oath of office, which shall be indorsed on the appointment, together with the certificate of the officer who adminis-ters the oath, and such appointment and oath shall be recorded in the county clerk's office and deposited therein. To a prosecution in K. county for carrying a pistol in said county the accused in this case in-troduced as evidence of his exemption from the law prohibiting the car-rying of a pistol, a paper executed in V. county on April 3, 1887, signed by the sheriff of V. county, appointing him a deputy sheriff of said V. county. Neither the constitutional oath of office nor the certificate required by the statute was indorsed upon the said paper. Other proof showed that the accused left V. county and moved to K. county, and was a resident of K. county at the time of the alleged offense; and, fur-ther, that the said appointment had never been recorded in the office of the county clerk of V. county. *Held* that the purported appoint-ment was illegal and of no effect, and did not operate as an exemp-tion of the accused.

2. SAME—CHARGE OF THE COURT.—The trial court properly instructed the jury, by request of the State, to the effect that the accused in this case was not a legally appointed deputy sheriff; and that, if the State had proved the carrying of the pistol by the accused, it devolved upon the accused to show his authority, or the facts upon which he could reasonably infer authority, to carry it. And it correctly instructed the jury, by request of the defense, that, although not a legally appointed deputy sheriff, if such was the fact, yet if the accused honestly be-lieved that he was so legally appointed, and with that belief carried the pistol, he should be acquitted. (See the argument for the appel-

lant for the charges given at the request of the State, and the state-
ment of the case for the charges given at the request of the defense.)

3. SAME.—Conflict in the charges of the court will, if material, necessitate
the reversal of a conviction had thereunder. But note that, taken as
a whole, the charge in this case presents no conflict.

APPEAL from the County Court of Kinney. Tried below be-
fore the Hon. J. F. Robinson, County Judge.

The conviction in this case was had under an information
which charged the appellant with the offense of unlawfully
carrying a pistol, in Kinney county, Texas, on the twenty-fifth
day of December, 1887. The penalty assessed by the jury was
a fine of twenty-five dollars and confinement in the county jail
for twenty days.

The State's proof shows conclusively that the defendant was
arrested, with a pistol on his person, on the night of December
25, 1887, in a saloon in Brackett, Kinney county, Texas; that
he submitted to arrest without protest, and did not, at that
time, claim to be a deputy sheriff of any county, nor that, by
reason of such office, he was exempt from the operation of the
law prohibiting the carrying of a pistol; that, since two years
prior to his arrest for this offense, when he came to Kinney
county from Val Verde county, with the sheriff of said latter
county as a guard in charge of certain prisoners, he was never
heard to assert his official character as a deputy sheriff of Val
Verde county, and that, for seven or eight months prior to his
arrest, he had been employed as a clerk in the mercantile es-
tablishment of W. E. Friedlander, in Fort Clark, Kinney county,
Texas.

The defense introduced in evidence the purported appoint-
ment set forth in the opinion of the court, which was proved
both by the evidence for the State and the defense to have been
written and signed by W. H. Jones, the sheriff of Val Verde
county. The said document was shown to be without the in-
dorsement required by law, and, by the deputy county clerk of
Val Verde county, never to have been recorded in that county.
One witness testified that the defendant was a resident of Val
Verde county, but was temporarily absent therefrom, and for
seven or eight months had been clerking for Friedlander, in
Fort Clark, Kinney county.

The charge of the court consists of the special instructions
given at the instance, respectively, of the State and the defense.

The former appear, in extenso, in the argument of the counsel for the appellant. The charges given at the request of the accused read as follows:

"1. If the jury believe from the evidence that the defendant, at the time charged, was acting under appointment as deputy sheriff of Val Verde county, from W. H. Jones, the sheriff of said Val Verde county, and that defendant believed he had the right to carry the pistol under said appointment, then defendant is not guilty of violating the law prohibiting the carrying of arms; and this whether the appointment was legal or illegal; and if you should so believe you should acquit the defendant.

"2. The jury are further instructed that if the defendant was, or reasonably believed himself to be, a deputy sheriff of any county in the State of Texas, at the time and while carrying the pistol, you should acquit him.

"3. You are the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony. In criminal trials, the defendant is presumed to be innocent until the State, upon whom rests the burden of proof, has established his guilt beyond a reasonable doubt, and in case of a reasonable doubt as to the guilt or innocence of the defendant, you will acquit him.

"4. The jury are charged that, if they find from the evidence that defendant was a deputy sheriff of any county in the State of Texas, while carrying a pistol, he would not be guilty, and should be acquitted."

*J. & J. W. Jones*, for the appellant: The court erred in giving the special instructions asked by the State, which said special instructions read as follows:

"1. The defendant is charged and on trial before you, charged with unlawfully carrying on and about his person a pistol.

"You are charged that if any person in this State shall carry on or about his person a pistol, he shall be punished by a fine of not less than twenty-five dollars nor more than two hundred, and by imprisonment in the county jail not less than twenty days nor more than sixty days. Therefore if the jury, from the evidence before them, find that the defendant did, on or about the time as charged in the information, in Kinney county, Texas, unlawfully carry on and about his person a pistol, then he is

guilty as charged in the information, and should be punished by a fine of not less than twenty-five dollars, nor more than two hundred dollars, and by imprisonment in the county jail not less than twenty days nor more than sixty days. The jury are further instructed that, if in this case the facts have been proved which constitute the offense as charged, it then devolves upon the defendant to establish the facts or circumstances on which he relies to excuse or justify the prohibited act.

"2. You are charged that the sheriff of one county can not appoint a person in another county a deputy sheriff to perform the functions of said office, other than in the county where the sheriff lives who does the appointing.

"You are further instructed that before a deputy sheriff of any county can enter upon the duties of his office he must take and subscribe the oath of office prescribed by the Constitution, which shall be indorsed on said appointment, together with the certificate of the officer administering the same, and such oath shall be recorded in the office of the county clerk, and deposited in said office. If you find from the evidence before you that defendant has an appointment as deputy sheriff, but said appointment has not attached the oath of office, subscribed by the defendant and certified to and recorded as indicated in the preceding paragraph, then you are instructed that said appointment is not a legal one under the law.

"3. The jury are instructed that the residence of a single man is where he boards."

The latter part of the first special charge above is certainly upon the weight of evidence, and especially so when we consider that all the above charges, and those given by the court for the defendant, stand out in bold contradiction of each other, and leave the jury to judge between them, and follow the one or the other; and the jury having determined to follow the county attorney's charges, as they evidently did in this case, they were never in said charges told what facts would be an excuse or justification for the carrying of the pistol, but, on the contrary, in the second and third special charges, the facts relied upon by the defendant to excuse and justify the act were crushed. The issue of this case being whether or not the defendant did "unlawfully carry on and about his person a pistol," it certainly became the duty of the court below to charge plainly what constituted an unlawful carrying, or else the same

would be calculated to mislead a jury, although abstractly correct, and such as to be well understood by a lawyer.

And passing down through the first charge and arriving at the second and third instructions, we find that importance is attached to and stress laid on the subject of, first, defendant's not being in the county of his appointment as deputy sheriff, and hence not permitted to carry arms in Kinney county; second, and the guilt or innocence is made to depend upon the regularity of his appointment as a deputy sheriff, which the court tells the jury is illegal; and again defendant's guilt or innocence is made to depend upon what the jury might believe the facts to be with regard to his being a single man and boarding in Kinney county, there being no proof in the record which in the remotest degree tended to prove either that the defendant was a single man or boarded in Kinney county. Third. It made defendant's guilt or innocence depend upon his being authorized to perform the functions of a deputy sheriff in Kinney county under an appointment from the sheriff of Val Verde county, which the jury were told he could not do, and therefore had no right to carry arms.

These charges would have been none the less imperative if the court had charged: "that the defendant, being a single man, could not as deputy sheriff of any other county than Kinney carry arms therein after he had dined within its limits," because he could not perform the functions of his office there; and again, "you must convict the defendant, unless he produces an appointment as deputy sheriff, with the oath of office attached and subscribed by the defendant, and the certificate of the officer administering the same, and then it must be recorded and deposited in the office of the county clerk—and not even then if the jury could imagine the defendant to be a single man out of his county and having ate in Kinney county." These charges sealed the doom of accused. The jury had no proper discretion left them. These charges compelled their verdict—and were not law, and can not be supported by any authority from the adjudications of any courts of any civilized nation, and are subversive of the fundamental principles of the criminal law of this State. As to the court summing up and discussing facts, see Code Criminal Procedure, articles 677, 678. As to charges given without any evidence establishing that phase of the case, see Dorsey v. The State, 1 Texas Court Appeals, 33; Priesmuth v. The State, 1 Texas Court Appeals, 480;

Coney v. The State, 43 Texas, 414. As to the correct rule under the facts of this case, see Lyle v. The State, 21 Texas Court Appeals, 153; Clayton v. The State, Id., 343; Irvine v. The State, 18 Texas Court Appeals, 51, and Williams v. The State, 42 Texas, 466.

And again we say that the second and third paragraphs of the second instruction were clearly upon the weight of evidence, because they characterize the defendant's appointment as illegal, and especially hold it up to the jury in derision and ridicule. Justice Ogden, in delivering the opinion of the court in the case of Walker and Black v. The State, 37 Texas, 385, says: "It is very proper and right for the court, where the facts of a case require a knowledge on the part of the jury of the different classes or kinds of evidence as recognized by legal authority, to clearly point out in general terms in the charge the distinguishing characteristic of those different kinds, and the credit which, under ordinary circumstances, may be placed upon evidence of either class. Thus, we think the court, under the statutes, fully authorized to explain to the jury the difference between primary, secondary, hearsay, and presumptive evidence, and the relative amount of conviction each class should, under ordinary circumstances, produce upon the mind. But it is believed that, under our statute, the court would not, as a general rule, be authorized to refer the minds of the jury to any particular evidence adduced upon the trial of a cause, and then characterize it as the highest, or the lowest, or any other degree of evidence. It is the province and duty of the court to determine what evidence shall be admitted to the jury; but, when once admitted as legitimate testimony, it is then the exclusive right and privilege of the jury to determine the weight it shall have in the formation of their verdict. And when the court, by inadvertance or otherwise, has, in the charge to the jury, placed greater stress or weight upon one portion of the testimony legitimately before them than another, it trenches upon the province of the jury and the positive requirements of the statute."

But it may be replied that the charges given at the instance of the defendant cured these errors in the charges given for the county attorney. But, we answer, they are irreconcilable. The one is directly antagonistic to the other. It is the duty of the judge to enlighten, not confound; to declare the law with certainty. The charges must be correct, and must be consistent;

and, if not so, but contradictory, that alone is good cause for new trial. (3 Graham and Waterman on New Trials, 800; Walker and Black v. The State, 37 Texas, 387.)

The motion for a new trial presented the errors above discussed, and we will not further state them.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. This conviction was for unlawfully carrying a pistol. Appellant lived in Kinney county, when found with the pistol.

On the trial the accused introduced in evidence this paper:

DEL RIO, TEXAS, April 3, 1887.

THE STATE OF TEXAS,
COUNTY OF VAL VERDE. } Know all men by these presents that I, W, H. Jones, sheriff of Val Verde county, has appointed W. S. Blair deputy sheriff in and for Val Verde county.

W. H. JONES, Sheriff Val Verde.

The record shows that appellant had left Val Verde county, where he was appointed deputy sheriff, and had moved into Kinney county; that he had gone into business as clerk of a mercantile establishment, and had been in business some seven or eight months before he was found with the pistol. When the sheriff of Kinney county found him with the pistol and arrested him there was no pretense that he was an officer, and hence had the right to carry the pistol.

"Sheriffs shall have power by writing to appoint one or more deputies for their respective counties, to continue in office during the pleasure of the sheriff, who shall have power and authority to perform all the acts and duties required of their principals; and every person so appointed shall, before he enters upon the duties of his office, take and subscribe the oath of office prescribed by the Constitution, which shall be indorsed on his appointment, together with the certificate of the officer administering the same; and such appointment and oath shall be recorded in the office of the county clerk and deposited in such office." (Rev. Stats., art. 4520.)

Evidently appellant was not a deputy sheriff and could claim no authority to carry the pistol by virtue of the paper introduced in evidence.

The special instructions requested by the county attorney and given by the court, in effect, informed the jury that appellant was not legally appointed deputy sheriff. In this they contained the law and were properly given to the jury. The State having proved the carrying of the pistol by appellant, etc., it devolved upon him to show authority, or facts from which he might reasonably infer authority, to carry the same. To this effect were the jury also instructed. In this there was no error.

On the other hand, though appellant was not, in fact, a deputy sheriff, if he honestly believed that he was, and carried the pistol because so believing, he would not be guilty. This proposition was very clearly submitted to the jury by special instructions prepared by counsel for appellant.

But it is contended by counsel for appellant that the instructions given at the instance of the county attorney, and those submitted at the request of appellant's counsel are in conflict, and as appellant excepted to the instructions given at the request of the county attorney at the time given, the judgment must be reversed. If there be conflict the judgment must be reversed. But there is no conflict in the charge of the court when taken as a whole; hence the judgment should not be reversed on this ground.

The proof was evident that appellant carried the pistol as charged. He must justify. This he attempted to do by the above appointment by the sheriff of Val Verde county. Jones's commission was worthless, and conferred no authority to carry the pistol. But, though void, if appellant honestly believed himself to be a deputy sheriff, he would not be guilty. Here we have a question of fact, and this fact was clearly submitted to the jury for their solution, and they solved it against appellant. In this we think they did right.

The judgment is affirmed.

*Affirmed.*

Opinion delivered November 14, 1888.

[Note.—The record in this case was filed at the Austin branch of this court, at the term of 1888, but not being disposed of at that term, was transferred to the Tyler branch. It is now reported under its Austin file number.]