## JOHN HILL v. THE STATE.

### No. 3673. Decided February 6, 1907.

**1.—Carrying Pistol—Traveler—Sufficiency of Evidence.**

Where upon trial for unlawfully carrying a pistol, the evidence showed that defendant stopped on the way to church, got out of the buggy, took his pistol from under the buggy seat and pointed it at another person, the same was sufficient in sustaining the conviction.

**2.—Same—Discussing Law to Jury—Discretion of Court.**

Upon a trial for unlawfully carrying a pistol, it was within the sound discretion of the court to permit counsel to discuss a law case cited in the case on trial to the jury.

Appeal from the County Court of Rockwall. Tried below before the Hon. J. H. Chisholm.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*H. M. Wade,* for appellant.—Cited, Poe v. State, 44 S. W. Rep., 493; Jones v. State, 33 Texas Crim. Rep., 492.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of carrying a pistol, and his punishment assessed at a fine of $100.

The evidence in this case shows appellant, in company with a woman, left the town of Rockwall in Rockwall County, and went to church some six or seven miles away. At the time he left home he had a pistol under the buggy seat where, appellant insists, it remained all the while. The State's evidence shows that he stopped on the way to the church, got out of the buggy, secured the pistol, and at the point of the pistol forced another party to desist who was engaged in a difficulty with his, the other party's wife. In the case of Garrett v. State, 25 S. W. Rep., 285, Judge Hurt, delivering the opinion of the court, held that these facts constitute the carrying of a pistol on or about his person as inhibited by the statute. Many of the questions raised by appellant suggested to the court to charge the jury that these facts

do not constitute a violation of the law. It follows, therefore, that the court did not err in refusing said charges.

Appellant also complains that the court permitted the prosecuting attorney to discuss the above cited case to the jury. This is a matter left to the sound discretion of the court. We see, in this instance, no abuse of that discretion. Finding no error in this record, the judgment is affirmed.

*Affirmed.*