## Fred Johnson v. The State.

### No. 3847. Decided October 16, 1907.

**1.—Carrying Pistol—Evidence—Arrest on Information.**

Where upon trial for unlawfully carrying a pistol, objection was made to the testimony of a State witness that he had informed officers of the law that defendant was carrying a pistol and to search him, which the officers did and found the pistol, there was no error; the statute providing for such arrest; besides there was no injury to defendant.

**2.—Same—Charge of Court—Defendant's Premises—Place of Business.**

Where upon trial for unlawfully carrying a pistol the evidence showed that the defendant was neither on his own premises nor at his place of business when he was found carrying a pistol, there was no error that the court's charge failed to instruct the jury that defendant had a right to carry a pistol at his place of business.

**3.—Same—Charge of Court—Habitual Carrying.**

Where upon trial for unlawfully carrying a pistol, the evidence showed that the defendant habitually carried a pistol between his home and his place of business, it was not necessary for the court to have defined what was meant by habitual carrying of the pistol; and especially where the evidence showed that defendant's claim that he carried the pistol to prevent depredations upon his property was a pretext.

**4.—Same—Carrying Pistol on and About Person.**

Where upon trial for unlawfully carrying a pistol, the evidence showed that defendant carried said pistol in a basket which he held in his hand, such was carrying a pistol on and about his person, as prohibited by law.

Appeal from the County Court of Anderson. Tried below before the Hon. R. E. Erwin.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*P. W. Brown,* for appellant.—On question of carrying a pistol on defendant's premises: Boissean v. State, 15 S. W. Rep., 118; Lyle v. State, 21 Texas Crim. Rep., 153; Lann v. State, 25 Texas Crim. Rep., 495; Campbell v. State, 28 Texas Crim. App., 44; Chambers v. State, 34 Texas Crim. Rep., 293, 30 S. W. Rep., 357.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of habitual carrying a pistol between residence and place of business: Chambers v. State, 34 Texas Crim. Rep., 293, 30 S. W. Rep., 357; Oliver v. State, 33 S. W. Rep., 1077.

HENDERSON, Judge.—Appellant was convicted of unlawfully carrying a pistol, and his punishment assessed at a fine of $100; and prosecutes this appeal.

Appellant excepted to the action of the court in admitting the testimony of Alex Swanson to the effect that he told Michaux and Guinn

that Fred Johnson was carrying a pistol for him, and requested them to search Fred Johnson and to search his basket; that he was carrying the pistol, as he understood, in his basket. Guinn was permitted, over appellant's objection, to make the same character of testimony. It appears that these parties were officers, and that Swanson made report to them for the purpose of having appellant arrested and disarmed. These parties did accost appellant and did search his basket, and found the pistol. The statute, we understand, authorizes an officer to make an arrest for carrying a pistol on information of a credible person. We presume this testimony was admitted on that line. At any rate, the pistol having been found in the basket, we fail to see how the admission of this testimony could have injured appellant.

Appellant also objects to the charge of the court, in that the jury were informed if they believe appellant was unlawfully carrying a pistol on premises not his own to find him guilty. The objection is that it was not also stated that if he was not carrying a pistol at his place of business. This was given in a subsequent charge. However, it does not appear that when appellant was found carrying a pistol he was either on his own premises or at his place of business, and neither of these particular defenses were pertinent. It does appear that when appellant was found carrying a pistol in his basket he was on one of the streets of Palestine, which might have been his route to his home from the gas factory where he was working, and his real defense appears to have been that he had a right to carry a pistol either at the gas factory, his place of business, or at his residence, and that he had a right to carry the pistol between said points, provided he did not habitually so carry it, and it is complained, in this connection, that while the court told the jury that he had a right to carry it between said points, that he did not have a right to carry said pistol habitually, but the court did not define what he meant by habitually. It does not occur to us, under the circumstances of this case, even if it be conceded that the term "habitually" should be defined, that it was necessary to define it in this case. From appellant's proof it appears that some complaint was made about some depredations being committed at the gas factory sometime in April, and that sometime during the following June, about two months afterwards, he was found carrying a pistol, and proof is that he was carrying the pistol to protect the gas factory against these depredations, and that he sometimes left the pistol at the gas factory and sometimes carried it home when there was no one at the factory to leave it with, and on this particular occasion he testified there was no one there to leave it with. Appellant, we note, testifies himself that he left the pistol at the gas factory during this interval as much as forty times. This looks to us very much like an habitual carrying of the pistol between said points, to wit: his home and the gas factory, and under the circumstances we do not think it was necessary for the court to have defined what was meant by habitual carrying of the pistol. It occurs to us that this defense of carrying the pistol for

the purpose of protecting the gas factory was a pretext, yet we believe appellant's rights in that respect were sufficiently safeguarded. We think the proof sufficiently shows that he was carrying a pistol for Swanson whom on one occasion shortly before his arrest, he had an altercation with, and on one occasion he appeared to be in the attitude of making an assault on said Swanson, which appears to have afforded the reason for his arrest for carrying the pistol. We do not think there is anything in appellant's contention that the carrying of a pistol by appellant in a basket which he carried in his hand was not carrying same on and about his person; he was not only carrying a pistol, but in a most convenient manner for use as a weapon.

There being no errors in the record, the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.