### Hiram Leonard v. The State.

#### No. 4177.   Decided May 5, 1909.

**1.—Carrying Pistol—Reading Law Books—Practice—Remarks by Judge.**

Where upon trial for unlawfully carrying a pistol defendant read two cases from the Texas Criminal Reports, and thereupon the county attorney took the position in his closing speech that said cases did not apply, and the court agreed with him, there was no error.  Argument on questions of law is addressed to the court and not to the jury.

**2.—Same—Charge of Court—Knowledge.**

Where upon trial for unlawfully carrying a pistol the defendant claimed that his brother had placed the pistol in the buggy in which defendant was found with it, the court correctly charged that if the defendant did not know of the pistol being under the cushion of said buggy, to acquit him

**3.—Same—Charge of Court—Words and Phrases.**

Where upon trial for unlawfully carrying a pistol the court inadvertently left out the word "guilt" in his charge on reasonable doubt and presumption of innocence, there was no error.

Appeal from the County Court of Austin.   Tried below before the Hon. C. G. Krueger.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

*Bell, Johnson, Matthaei & Thompson,* for appellant.—On question of remarks by judge: George v. State, 29 S. W. Rep., 386; Cathey v. State, 23 Texas Crim. Rep., 492; 5 S. W. Rep., 137; Beason v. State, 43 Texas Crim. Rep., 442; 4 Texas Ct. Rep., 239; Bradshaw v. State, 44 Texas Crim. Rep., 222; 5 Texas Ct. Rep., 904; Polle v. State, 45 Texas Crim. Rep., 348; 8 Texas Ct. Rep., 429.   On question of court's charge: Ross v. State, 9 Texas Crim. App., 275; De Lam v. State, 50 Texas Crim. Rep., 4; 16 Texas Ct. Rep., 390; Lann v. State, 25 Texas Crim. Rep., 495; 8 S. W. Rep., 650.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of unlawfully carrying a pistol.   The facts in the case show that appellant started to town with his wife and children in a buggy borrowed from his brother.   On the way to town one of the prosecuting witnesses saw appellant get out of the buggy, take a pistol out of his pocket and put it under the cushion of the buggy.   The defense's testimony shows, however, that appellant borrowed the buggy from his brother, not knowing the pistol

was under the cushion, and did not know it was under the cushion until the officers searched the buggy and found the pistol after he reached town. Appellant and his brother both swore to these facts, and appellant's brother swore that he put the pistol under the buggy cushion the evening before he loaned it to appellant.

Bill of exceptions No. 1 complains of the following: "During the trial appellant's counsel read to the court, in the presence and hearing of the jury, the opinions of the Court of Criminal Appeals in the case of George v. State, 29 S. W. Rep., 386, also the opinion of the said court in the case of Cathey v. State, 23 Texas Crim. App., 492; 5 S. W. Rep., 137, said counsel taking the position that, under the said decisions, the defendant could not be convicted, if the pistol found in the buggy was there without his knowledge—that the mere fact that the defendant may have had the pistol in his hand a few seconds would not make him guilty. That upon the county attorney starting out in closing the case, taking the books in which said cases are reported, said to the court: 'The two cases here read by defendant's counsel have no application to the case on trial,' and the court replied: 'You need not read those cases; they have no application to this case; they are altogether different cases.' " We do not think there was any error in the statement of the court, since the cases do not appear to have any connection with the case, and the argument on questions of law is addressed to the sound discretion of the court, and not to the jury.

Bill of exceptions No. 2 shows that the court instructed the jury as follows: "If you believe from the evidence that the defendant, Hiram Leonard, borrowed a buggy from his brother, Charles Tarver, on October 4, 1908, for the purpose of going to Bellville, Texas, on the following day, to wit, October 5, 1908, and that Charles Tarver had previously placed the pistol under the cushion of the buggy, and that the defendant did not know of the pistol being under the cushion of said buggy when he came to the town of Bellville on October 5, 1908, then you will find the defendant not guilty." Appellant objected to said charge on the ground that it is not a correct proposition of law applied to the facts of this case, and was calculated to mislead the minds of the jury. We do not think appellant's contention, as stated in his bill of exceptions, is correct. If he knew the pistol was under the cushion, and carried it to town, he would be guilty of unlawfully carrying a pistol. The charge pertinently presents the law applicable to the facts of this case, and there is no error in same.

Appellant also objects to the following charge of the court: "If you have a reasonable doubt of the defendant arising out of the evidence, then you should acquit him." We see no such charge in the court's charge. After telling the jury they must believe the facts upon which this case is predicated beyond a reasonable doubt, the charge concludes as follows: "You are charged that every defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and if you have a rea-

sonable doubt of the defendant, arising out of the evidence, then you should acquit him." Evidently the word "guilt" is left out of the charge through the inadvertence of the court after the word "defendant." However, taking this charge with previous charges, it clearly shows that no possible harm could have been inflicted upon the appellant.

We find no error in this record authorizing a reversal of this case, and the judgment is in all things affirmed.

*Affirmed.*