### JOHN I. MAYFIELD V. THE STATE.

No. 3221.    Decided October 28, 1914.

**Carrying Pistol—Sufficiency of the Evidence—Own Premises.**

Where, upon trial of unlawfully carrying a pistol, the State's evidence showed that the defendant took the pistol from his house and placed it in his buggy, on, behind, and, sometimes, under the buggy cushion, got into his buggy and drove away on the public road on his collecting trips, and that he was in the habit of repeating this, he was guilty of violating the law, although he started with the pistol from his own premises. Following Hill v. State, 50 Texas Crim. Rep., 619, and other cases.

Appeal from the County Court of Hamilton. Tried below before the Hon. J. L. Lewis.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Eidson & Eidson,* for appellant.—On question of insufficiency of evidence: Cathey v. State, 23 Texas Crim. App., 492; Pickett v. State, 57 Texas Crim. Rep., 350, 123 S. W. Rep., 131.

*C. E. Lane,* Assistant Attorney General, for the State.—Cited cases in opinion.

PRENDERGAST, Presiding Judge.—Appellant was fined $100 for unlawfully carrying a pistol. The case was tried before the court without a jury.

The statute is, if any person shall carry on or about his person any pistol, he shall be punished, etc. Appellant's only contention is that the evidence is insufficient to sustain the judgment.

There were but two witnesses for the State, M. L. Pierce and his wife. Pierce testified: That during the fall of 1911 he and his wife lived with the defendant, John I. Mayfield; that Mayfield was during said fall collecting for the firm of Hitt & Co. That he saw the defendant many times during said fall take his pistol from his house and place it in his buggy. Sometimes on, sometimes behind, and sometimes under the cushion of the buggy seat. That he never did see him place it in the bottom of the buggy, under the seat. That Mayfield would get into his buggy and drive into the lane twenty or thirty yars from his house, and drive on down the big road towards the "mountains" on his collecting trips. That once when he asked him why he carried the pistol, he said, "Them mountain fellows might be hard to get money out of," or something like that. That on another occasion he, witness, told him that the sheriff would get him some time, and he, Mayfield, replied that he was not big enough, or something of that kind. That defendant's house and the road he would drive into was in Hamilton County. That he never saw him with a pistol off of his hand, but he never saw him change the position of the pistol after he got into the buggy. That defendant got off his own premises when he got into the public road close to his house. That he has also seen the defendant take the pistol out of his buggy when he would come in from his collecting trips. That neither of these trips was when he went to Austin.

Mrs. Pierce testified: That she saw the defendant at different times during the fall of 1911 take the pistol from the bureau drawer in his room and place it on or behind the buggy cushion. These occasions were when he was starting out collecting. That the buggy at the time was on his own land, but he would drive off of his land a short distance from the house into the public road, which was in Hamilton County; that at one time she, at his request, handed him the pistol after he had gotten into the buggy. That she also saw the pistol several times when he would come from collecting behind or under the buggy cushion. This was when she would go to the buggy after the mail.

Appellant testified, denying that he had a pistol under the above circumstances, but testified that the only time he carried the pistol was when he carried it in his grip on a trip to Austin, and denied that he had a pistol under any of the circumstances testified to by the two State's witnesses. This is the whole of the testimony. In our opinion it established appellant's guilt and justified the court to so find. In addition to the statute, we cite: Garrett v. State, 25 S. W. Rep., 285;

Hill v. State, 50 Texas Crim. Rep., 619; Williams v. State, 58 Texas Crim. Rep., 193; Leonard v. State, 56 Texas Crim. Rep., 84; Prewitt v. State, 49 Texas Crim. Rep., 323.

The judgment is affirmed.

*Affirmed.*