### R. G. Wagner v. The State.

#### No. 4151.  Decided October 11, 1916.

#### 1.—Carrying Pistol—Charge of Court—Misdemeanor—Rule Stated.

When a party is only charged with and convicted of a misdemeanor, and no charge appears in the record on appeal, it will be presumed that an oral charge was given by consent of the parties, or that no charge was given, and if the former, that the charge so given was correct. Following Bowden v. State, 2 Texas Crim. App., 56, and other cases.

#### 2.—Same—Rule Stated—Presumption—Practice.

Where, in a misdemeanor case, no exceptions were taken to the court's charge, and no special charges were requested, this court will conclusively

presume that the charge of the court covered every phase of the case, and an unverified complaint thereto can not be considered on appeal. Following Sullivan v. State, 61 Texas Crim. Rep., 657, and other cases.

### 3.—Same—Evidence—Bill of Exceptions—Practice on Appeal.

In the absence of a bill of exceptions, a complaint that the court erred in admitting testimony that defendant resisted arrest, can not be considered.

### 4.—Same—Sufficiency of the Evidence—On or About Person.

Where, upon trial of unlawfully carrying a pistol, the State's testimony showed that defendant drove an automobile to the depot, and shortly thereafter, when he was arrested, tried to break away from the officers and a pistol was found pushed down behind the front cushion of said automobile, the allegation that defendant carried a pistol about his person, was sustained; although there was no evidence that defendant had such pistol in his actual physical possession. Following Leonard v. State, 56 Texas Crim. Rep., 84, and other cases.

### 5.—Same—Rule Stated—Burden of Proof.

The State's case is complete when, with time and venue, it is shown that defendant carried a pistol about his person, and the burden of proof is on him to show that he is exempt, by reason of coming within some of the exceptions named in the statute. Following Blair v. State, 26 Texas Crim. App., 387, and other cases.

### 6.—Same—Rule Stated—Ownership.

The offense of carrying a pistol on or about the person, in no way makes it a requisite that the party so carrying the weapon, shall be the owner thereof, and where defendant made no explanation but resisted arrest, the conviction was sustained.

Appeal from the County Court at Law No. 2 of Harris. Tried below before the Hon. Murray B. Jones.

Appeal from a conviction of unlawfully carrying a pistol on and about the person; penalty, a fine of one hundred dollars.

The opinion states the case.

*Menefee & York,* for appellant.—On question of the insufficiency of the evidence: Waddell v. State, 37 Texas, 354; Short v. State, 8 S. W. Rep., 281; Lyle v. State, 21 Texas Crim. App., 153; Brooks v. State, 15 id., 88; Schroeder v. State, 50 Texas Crim. Rep., 111.

On question of on or about the person: Mayfield v. State, 170 S. W. Rep., 308; Hicks v. State, 143 S. W. Rep., 938.

*C. C. McDonald,* Assistant Attorey Gneneral, *John H. Crooker, Frank Williford, Jr.,* and *E. T. Branch,* for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was charged with carrying a pistol about his person and on his trial before a jury was found guilty and his punishment assessed at a fine of one hundred dollars.

The brief filed by State's counsel so fully presents the issues, we adopt it and the reasoning as to why the case should be affirmed:

"1. No charge of the court nor any requested instructions appear in the record, and the law is that when a party is only charged with

and convicted of a misdemeanor and no charge appears in the record on appeal, it will be presumed that a verbal charge was given by consent of the parties, or that no charge was given, and if the former that the charge so given was correct. Bowden v. State, 2 Texas Crim. App., 56; Newton v. State, 3 Texas Crim. App., 245; Sullivan v. State, 61 Texas Crim. Rep., 657, 136 S. W. Rep., 456; Branch's Annotated Penal Code, sec. 1596, p. 939. In the Sullivan case, supra, it was held that where no exceptions were taken to a verbal charge and no special charges were requested that this court would conclusively presume that the charge covered every phase of the case necessary or proper to be submitted. It follows, therefore, that the unverified complaint to the charge of the court can not be considered.

"2. There are no bills of exception in the record, and hence the complaint of appellant that the court erred in admitting over objection testimony that he resisted arrest and tried to break away and get to his automobile where the pistol was can not be reviewed on appeal. Objections to the admission or rejection of testimony should be presented by bill of exceptions. 6th paragraph Branch's Annotated Penal Code, p. 132.

"3. The only question presented for review is the sufficiency of the evidence. The only witness for the State testified that he saw appellant drive an automobile up to the depot; that about 3:30 o'clock p. m. he arrested appellant after some difficulty, that appellant fought and tried to break away and get back to his automobile, which twenty to thirty minutes before he had driven up to the depot, that after placing him under arrest the witness went back and looked in the automobile and saw a pistol pushed down behind the front cushion of said automobile and identified the pistol produced in court as the pistol obtained from said automobile.

"Appellant did not testify. The only witness for appellant testified that appellant was a jitney driver and that witness had ridden in his car about 1 o'clock on the day of his arrest. When witness got in the car about a mile from town there was a passenger on the front seat with appellant and the two appeared to be under the influence of liquor. Witness further testified that this unknown passenger in a few minutes pulled a pistol from his pocket and flourished it, finally pushing it down behind him after witness cautioned him, that after the passenger alighted witness required appellant to ride him to the police station where witness got out of the car, that thereupon appellant asked witness what he should do with the pistol, witness replying, 'Take it home with you or throw it away or do anything you want to do with it.' It was not shown that appellant made any reply. Witness fixed the time of this conversation as being about *one* o'clock. The distance from the depot where appellant was arrested to the police station is about eleven blocks and appellant resided in an addition to the City of Houston which is in the same general direction from the police station as said depot. Witness further testified that he was not posi-

tive that the pistol produced in court was the same pistol had by the drunken passenger but that it looked like it and was in many respects similar. Both witnesses testified that they did not see appellant have the pistol in his actual physical possession.

"This is, in substance, all of the testimony adduced, and we are left in the dark as to whether the court submitted to the jury the issue as to whether appellant was on his way home, and the facts do not disclose that appellant was on his way home, since it is shown he had stopped his car at the depot, nor is it shown for what purpose he stopped at the depot nor how long he had been there, nor what he had done nor where he had been since the conversation at 1 o'clock and his arrest more than two hours later. With only eleven blocks from the police station to the depot he is found there more than two hours later with the pistol behind the cushion on which he sat to drive the car, and he offers no proof as to what he had been doing in the meantime nor as to his intended destination.

"The State's case was complete when with time and venue it was shown that appellant carried a pistol about his person, and the burden of proof was on appellant to show that he was exempt by reason of coming within some of the exceptions named in the statute. Blair v. State, 26 Texas Crim. App., 387, 9 S. W. Rep., 890; Zion v. State, 61 S. W. Rep., 306; Hunter v. State, 166 S. W. Rep., 164; Branch's Annotated Penal Code, sec. 990, p. 571.

"The statute making it an offense to carry a pistol on or about the person in no way makes it a requisite that the party so carrying the weapon shall be the owner thereof. If appellant made any declaration to the officer who arrested him or to anyone else explanatory of his reason for having the pistol, he made no attempt to prove it, nor did he attempt to explain why he fought the officer and tried to get back to the car where the pistol was.

"Without in any way intending to reflect on the witness for appellant, we know of no rule of law which required the jury to believe his testimony; but if his testimony is accepted as true, it does not establish any exemption from the operation of the pistol statute, since this witness did not know or undertake to tell what appellant did during the two hours after witness left him.

"Was the pistol behind the cushion on which appellant sat to drive his car carried 'about' the person of appellant? In Branch's Annotated Penal Code, section 974, the holdings of this court on that question are collated, and we quote the following propositions therefrom:

" 'A pistol in a basket on one's arm is carried "about the person." Johnson v. State, 51 Texas Crim. Rep., 648, 104 S. W. Rep., 902.'

" 'A pistol on the wagon seat or under the buggy cushion on which defendant sat is carried "about his person." Garrett v. State, 25 S. W. Rep., 285; Leonard v. State, 56 Texas Crim. Rep., 84, 119 S. W. Rep., 98; Mayfield v. State, 170 S. W. Rep., 308.'

" 'A pistol in the bottom of the buggy in which defendant rode is "about" his person. DeFriend v. State, 153 S. W. Rep., 881.'

" 'A pistol under a buggy seat is "about" the person. Hill v. State, 50 Texas Crim. Rep., 619, 100 S. W. Rep., 384.'

"Opposed actually or apparently to the holdings above stated, it was held in Hardy v. State, 37 Texas Crim. Rep., 511, 40 S. W. Rep., 299, that having a pistol in the front end of a wagon in which defendant was riding was not 'about' the person. It has also been held that having a pistol in a wagon about half-way between the seat and the rear end is not carrying 'about the person.' Thompson v. State, 48 Texas Crim. Rep., 146, 86 S. W. Rep., 1033. George v. State, 29 S. W. Rep., 386, in which case it appears that the pistol was in an overcoat in a wagon. The information alleging that the pistol was carried on and about the person, and we respectfully submit that the weight of authority is with the proposition that a pistol under or behind the cushion of a vehicle on which the driver sits is carried about his person. The Legislature must have meant something when it used the words 'or about the person,' and on principle using the word 'about' in its ordinary meaning, taking into consideration the context and subject matter relative to which it is employed, the word, not being specially defined, must, as we believe, be held to mean, within the pistol statute, near by, close at hand, convenient of access, and within such distance of the party so having it as that such party could without materially changing his position get his hand on it; otherwise every person having a vehicle would be authorized to keep prohibited weapons in his vehicle and within reach of his hand, ready for action, and thus fill our streets and highways with armed men, while peaceful pedestrians and passengers or guests in such vehicles would not be so exempt from the law."

The judgment is affirmed. *Affirmed.*