Robert Emerson v. The State.

No. 4295 Decided November 29, 1916.

Rehearing December 21, 1916.

1.—Carrying Pistol—Sufficiency of the Evidence.

Where, upon trial of unlawfully carrying a pistol, the evidence was suffi-cient to sustain the conviction, there was no reversible error. Following Leonard v. State, 56 Texas Crim. Rep., 84, and other cases.

2.—Same—On or About Person—Definition of Offense.

Where the information alleged that the pistol was carried on and about the defendant's person, and the evidence showed that the pistol was in the box of the seat, covered by the cushion in the buggy upon which the defendant sat and rode at the time, he was guilty of carrying on and about his person a pistol. Following Wagner v. State, 188 S. W. Rep., 1001, and other cases.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. J. F. Perritte.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*S. M. Adams*, for appellant.—Reviewed the cases cited in the opinion.

*C. C. McDonald*, Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted for unlawfully carrying a pistol and assessed the lowest punishment.

The only question is as to the sufficiency of the testimony to sustain the conviction. We have read it carefully, and we think it is sufficient. (Leonard v. State, 56 Texas Crim. Rep., 84; Mayfield v. State, 75 Texas Crim. Rep., 103, 170 S. W. Rep., 308, and cases there cited.)

The judgment is affirmed.

*Affirmed.*

HARPER, Judge, absent.

ON REHEARING.

December 21, 1916.

PRENDERGAST, Presiding Judge.—Appellant insists that under the statute and decisions of this court, the evidence did not establish his guilt, and that the cases cited in the opinion were inapplicable.

This court, in the very recent case of Wagner v. State, 80 Texas Crim. Rep., 66, 188 S. W. Rep., 1001, expressly quoted and approved the con-tention and argument of the State, as follows (p. 1002):

"The information alleged that the pistol was carried on and about the person, and we submit that the weight of authority is with the proposition that a pistol under or behind the cushion of a vehicle on which the driver sits is carried about the person. The Legislature must have meant something when it used the words, 'or about the person,'

and, on principle, using the word 'about' in its ordinary meaning, taking into consideration the context and subject matter relative to which it is employed, the word, not being specially defined, must, as we believe, be held to mean, within the pistol statute, near by, close at hand, convenient of access, and within such distance of the party so having it as that such party could, without materially changing his position, get his hand on it; otherwise every person having a vehicle would be authorized to keep prohibited weapons in his vehicle and within reach of his hand, ready for action, and thus fill our streets and highways with armed men, while peaceful pedestrians and passengers or guests in such vehicles would not be so exempt from the law."

We also quoted and approved the propositions from the authorities laid down by Mr. Branch, in his Ann. P. C., sec. 974, as follows:

" 'A pistol in a basket on one's arm is carried "about the person." Johnson v. State, 51 Texas Crim. Rep., 648, 104 S. W. Rep., 902.'

" 'A pistol on the wagon seat or under the buggy cushion on which defendant sat is carried "about his person." Garrett v. State, 25 S. W. Rep., 285; Leonard v. State, 56 Texas Crim. Rep., 84, 119 S. W. Rep., 98; Mayfield v. State, 75 Texas Crim. Rep., 103, 170 S. W. Rep., 308.'

" 'A pistol in the bottom of the buggy in which defendant rode is "about" his person. De Friend v. State, 69 Texas Crim. Rep., 329, 153 S. W. Rep., 881.'

" 'A pistol under a buggy seat is "about" the person. Hill v. State, 50 Texas Crim. Rep., 619, 100 S. W. Rep., 384.' "

The uncontroverted testimony, we think, brings this case clearly within these decisions and statute, both in spirit and in letter.

Mr. Castleberry, the deputy sheriff, testified that on the day he arrested appellant for carrying a pistol, he received information that he had a pistol out at Mr. Hodges. That he went from town out there about ten miles and found appellant in a buggy, out in front of the house, with Mr. Hodges' daughter. He called him off away from the girl and buggy and told him of his information. He denied that he had a pistol and told the officer he could search him. The officer did search him, and found no pistol on his person, yet did find on his person four pistol cartridges. That he then stepped back towards the buggy, and the defendant also started back, but he told him to stay back. That he went to the buggy, raised the cushion and found a pistol in the box of the seat. That he could see it through the cracks in the box of the seat, the lid of which was made of slats. That he took the pistol out. It was a 38-caliber and had three snapped and two loaded shells in it. The four cartridges he had gotten off of defendant's person were of the same caliber and character as those in the pistol. He names two, and says that there were one or more persons present at this time.

Appellant himself testified and did not deny anything that the officer had testified, but testified that on the Monday before his arrest at the time on Saturday, he had said pistol out at the lot at his father's where

he lived and snapped it three times at an owl and that the pistol fired once.. That after taking the empty from the chamber, he put in one shell, placed the pistol under the buggy seat in the box of the seat, where it was found by the officer. That the pistol remained there from that time until he was arrested, as stated. That he never saw or handled it after he had so placed it on Monday evening. That he rode from his home to Mr. Hodges in the buggy, several miles, with the pistol therein, as stated.

The motion is overruled.

*Overruled.*