DR. J. F. ROBERSON v. THE STATE.

No. 6138.   Decided March 2, 1921.

**Carrying Pistol—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant was not legally justified in carrying the pistol, and otherwise supported the conviction, there was no reversible error. Following Mayfield v. State, 75 Texas Crim. Rep., 103.

. Appeal from the County Court of Palo Pinto. Tried below before the Honorable W. F. Smith.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

*W. P. Gibbs,* and *Ritchie & Ranskot,* and *Carroll McConnell,* for appellant.—Cited Hardy v. State, 40 S. W. Rep., 299; Kirby v. State, 133 id., 682; Foster v. State, 126 id., 1155.

*C. M. Cureton,* Attorney General, and *Wallace Hawkins,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Pale Pinto County of unlawfully carrying on or about his person a certain pistol, and his punishment fixed at a fine of $100.

Upon trial hereof a jury was waived and the case tried before the court. There are no bills of exceptions, and the indictment being good, the only question is the sufficiency of the evidence.

Appellant was a doctor in the town of Gordon and owned a store building in said town which he had rented out as a drug store, but he seems to have maintained an office in the rear of said building. There was a young man in the community who for some reason had been bidden by appellant to remain away from his home and premises. On the occasion in question appellant seems to have driven his car to the curb in front of said drug store and in an obstetrical case in said car he had the pistol which he testified he did not remember when he had put therein, and the supposition is that it had been there for some time. After going into the office at the back of said drug store and consulting various patients, the young man whose presence was objected to by appellant came into the front of the drug store and was talking to some other people. At this juncture appellant came thru the drug store and went out to his car and took the pistol out of the case and put it in his pocket. While on the sidewalk a man named Garner seems to have thrown his arms around the appellant, and said, "Don't do that, Doctor." Other parties were attracted from the drug store by the scuffle between Garner and appellant and came out and one of them took from the pocket of appellant, or from his hand, said pistol. The purpose of appellant in going out to the car and securing said pistol is not disclosed, but it is strongly inferred from his testimony that he got it because he was afraid of trouble with the young man above mentioned. These are substantially the facts.

Under the authority of Mayfield v. State, 75 Texas Crim. Rep., 103, 170 S. W. Rep., 308 it would seem that appellant would be guilty. It is very questionable if one may habitually carry about with him in a vehicle a pistol, under the statute. Nor would appellant be justified in procuring this pistol from his car and carrying it about his person because he feared trouble with the young man mentioned, unless there was no time to take the matter up with peace officers or otherwise protect himself. Appellant did not claim on the witness stand that his purpose in having the pistol on the sidewalk when arrested was to carry it into his office and leave it there.

We are constrained to believe the trial court justified in his judgment and the case will, therefore, be affirmed.

*Affirmed.*