## J. W. PAULK v. THE STATE.

### No. 7903. Decided May 7, 1924.

#### 1.—Carrying a Pistol—Indictment—Date—Formal Error.

Where the indictment purported to have been returned by a grand jury organized for Cass County at the September term, A. D. 192, and alleged the offense to have been committed on the 9th day of June, 1922, and the indictment was filed September 7th, 1922, and there was no motion to quash the indictment, but a motion in arrest of judgment because of this defect in form, the same was properly overruled. Following: Finch v. State, 89 Texas Crim. Rep., 363, and other cases.

#### 2.—Same—Traveler—Case Stated—Question of Fact.

The Legislature never having defined a traveller and it therefore being a question of fact, there was no error in the instant case for the trial court to hold that the defendant under the facts stated was not a traveller, and the judgment must be affirmed.

#### 3.—Same—Pistol on Cushion—On or About Person.

Where it was contended that the pistol was found pushed down between the seat of the car and the back cushion immediately in the rear of the steering wheel, and it was contended that it was therefore not on or about the person of defendant, held that this contention is not tenable. Following: Wagner v. State, 80 Texas Crim. Rep., 56, and other cases.

Appeal from the District Court of Cass. Tried below before the Honorable Hugh Carney.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.00.

The opinion states the case.

*Sid Crumpton,* for appellant.—On question of not carrying pistol on or about person; Cathey v. State, 23 Texas Crim. App., 492; Sanderson v. State, 23 id., 520; Hardy v. State, 37 Texas Crim. Rep., 511.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.—Cited cases in opinion.

HAWKINS, JUDGE.—Conviction is for unlawfully carrying a pistol with punishment assessed at a fine of one hundred dollars.

The indictment purported to have been returned by a grand jury organized for Cass County at the September term, A. D. 192. It alleges the offense to have been committed on the 9th day of June, 1922. The record shows the filing of the indictment to have been on September 7th, 1922. No motion to quash was made but a motion in arrest of judgment because of this defect in form of the indict-

ment was presented and overruled. The action of the court was not erroneous. See Articles 476 and 598, Vernon's C. C. P.; Grayson v. State, 35 Texas Crim. Rep., 629; Fagnani v. State, 66 Texas Crim. Rep., 291; Murphy v. State, 36 Texas Crim. Rep., 24; Finch v. State, 89 Texas Crim. Rep., 363, 232 S. W. 528.

Appellant lived in the city of Texarkana and was the driver of a service car. He .was employed about ten o'clock at night to take some parties in his car from Texarkana in Bowie County to Linden in Cass County to secure the release upon bond of a party then held in jail in the latter place. They reached Linden about three o'clock in the morning. The sheriff declined to approve the bond presented because it had not been properly certified by officers of Bowie County. He advised the parties to return to Atlanta and have the bond properly certified to by the justice of the peace at that point, and then have the justice of the peace telephone the sheriff at Linden of such certificate and he would then release the party from jail. Appellant reached Atlanta about five or six o'clock in the morning. While he was away from his car officers discovered a pistol pushed down between the cushion and the back of the seat of the car. The pistol belonged to appellant. It is twenty-nine miles from Texarkana to Atlanta and sixteen miles further to Linden. The case was tried before the district judge without the aid of a jury and a conviction resulted. Appellant testified that Davis, one of the men who hired him to make the trip from Texarkann to Linden, told him it might be necessary for them to go on to Shreveport before returning to Texarkana. This statement was not substantiated by Davis. He was not used as a witness. The other facts in the case do not apparently support this contention. It is contended by appellant that the facts show he was a traveller. The Legislature has never seen proper to define a "traveller", and it therefore becomes necessarily a question of fact to be determined where the issue arises by the judge or jury trying it. In the present case no jury was demanded, but the matter was submitted to the district judge. He heard the evidence and saw the witnesses, and his finding reflects the fact that he did not accept as true appellant's claim that he was a traveller. We think it would be going too far for us to hold as a matter of law that he was.

It is further contended that the facts show the pistol was found pushed down between the seat of the car and the back cushion immediately in the rear of the steering wheel which would not amount to carrying "on or about the person." The authority of Wagner v. State, 80 Texas Crim. Rep., 66, 188 S. W., 1001; Garrett v. State, 25 S. W., 285; Mayfield v. State, 170 S. W., 308; Hill v. State, 50 Texas Crim. Rep., 619, 100 S. W., 384; Roberson v. State, 88 Texas Crim. Rep., 587; 228 S. W., 236; Leonard v. State, 56 Texas Crim. Rep., 84,

119 S. W., 98; Emerson v. State, 80 Texas Crim Rep., 354, 190 S. W., 485, seem to have settled this proposition adversely to appellant's contention.

The judgment is affirmed.

*Affirmed.*