ALFRED WELCH v. THE STATE.

No. 8229. Decided May 7, 1924.

Rehearing denied June 18, 1924.

**Unlawfully Carrying a Pistol—Traveller—Hand-bag.**

Where, upon trial of unlawfully carrying a pistol, defendant contended that he was exempt as being a traveller, and made the point that the pistol

being in the hand-bag on the floor of the car between the seats, was not "about" the person in contemplation of the statute prohibiting the carrying of arms "on or about the person," held that such contention is untenable.— Following: Emerson v. State, 80 Texas Crim. Rep., 354, and other cases, and the conviction is sustained.

Appeal from the District Court of Real. Tried below before the Honorable T. M. Milam, Special Judge.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*L. Old,* for appellant.—On question of traveller: Granger v. State, 98 S. W. Rep., 836; Hunt v. State, 107 id., 842; Brent v. State, 123 id., 593.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for unlawfully carrying a pistol. Punishment is a fine of $100.

Appellant was arrested while driving a Ford touring car on the public road. A pistol scabbard was on his belt, but the pistol was in a grip or hand-bag on the floor of the car between the front and back seat. Appellant's evidence was that he had been carrying the pistol in the scabbard on his own premises for the purpose of shooting wolves if he had the opportunity, and that before he left his own property he removed the pistol from the holster, placed it in the hand-bag, and put the bag where it was found by the officers; that the pistol had not been taken out of the hand-bag during the day and a half he had been away from his ranch.

The case was tried before the judge without the aid of a jury. The court was authorized in not accepting the contention that appellant was exempt as being a "traveller." The point is made that the pistol, being in the hand-bag on the floor of the car between the seats, was not "about" the person in contemplation of the statute prohibiting the carrying of arms "on or about the person," (Art. 475, P. C.) and in support of this proposition reliance is had upon George v. State, 29 S. W. 386; Cathey v. State, 23 Texas Crim. Rep., 492; Hardy v. State, 37 Texas Crim. Rep., 511; 40 S. W. 299; Thompson v. State, 48 Texas Crim. Rep., 146, 86 S. W. 1033. As opposed to these may be cited Garrett v. State, 25 S. W. 285; Hill v. State, 50 Texas Crim. Rep., 619; 100 S. W. 384; Leonard v. State, 56 Texas Crim. Rep., 84; 119 S. W. 98; Wagner v. State, 80 Texas Crim. Rep., 66, 188 S. W., 1001; Mayfield v. State, 75 Texas Crim. Rep., 103; Mayfield v. State, 170 S. W., 308; Roberson v. State, 88 Texas Crim. Rep., 587, 228 S. W., 236; Emerson v. State, 80 Texas Crim. Rep.,

354, 190 S. W., 485. The following meaning of the word "about" as used in the statute was adopted from the State's brief with approval in Wagner's case (supra), and again endorsed in Emerson's case (supra).

"The Legislature must have meant something when it used the words 'on or about the person,' and on principle using the word 'about' in its ordinary meaning, taking into consideration the context and subject-matter relative to which it is employed, the word, not being specially defined, must, as we believe, be held to mean, within the pistol statute, near by, close at hand, convenient of access, and within such distance of the party so having it as that such party could without materially changing his position get his hand on it; otherwise every person having a vehicle would be authorized to keep prohibited weapons in his vehicle and within reach of his hand, ready for action——"

It is not apparent why a pistol in a hand-bag situated as was the one in the present case is not even more accessible than would be one under the seat or cushion of a buggy. (Hill v. State, Garrett v. State, Leonard v. State, Mayfield v. State, supra).

In our opinion the facts justified the court in the judgment rendered, and an affirmance is ordered.

*Affirmed.*

[Rehearing denied June 18, 1924. Reporter.]