### J. F. JAMES v. THE STATE.

No. 3625.    Decided June 27, 1907.

**Carrying Pistol—Own Premises—Sufficiency of Evidence.**

Where upon trial for unlawfully carrying a pistol the defendant was seen putting a pistol in his pocket in his own room, and that immediately afterwards he got into a buggy leaving his premises, going direct from his room to his buggy, the facts were sufficient to exclude the idea that he got rid of the pistol after placing it in his pocket, and before leaving his premises.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100 and six months imprisonment in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—This is a conviction for carrying a pistol in violation of the law. The contention is that the evidence is not sufficient to show that appellant carried the pistol as charged in the pleading. There was but one witness introduced, and he testified that he was at the residence of John Long where appellant made his home and had been living for about six months; that he and appellant went into a room occupied by defendant at the time; that appellant dressed himself, and after so doing he opened a grip and took out of it a pistol and put it in his pocket, and that he was with appellant all the time that he was in the room; that he never saw him take the pistol out of his pocket; that they went from the house to the buggy together; got in the buggy and went to Sherman, county seat of Grayson County; that he never saw defendant have the pistol any more. Is this sufficient evidence to support the conviction? We are of opinion that it is. Appellant was seen to put a pistol in his pocket; the witness was with him all the time in the room, and went from the room to the buggy, and they got in the buggy and went to Sherman together. This testimony, in our judgment, excludes the idea that appellant got rid of the pistol after placing it in his pocket, and the facts are sufficient to exclude all reasonable hypothesis except guilt and that he (appellant) carried the pistol with him on the trip.

The judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.