## TOM DURHAM & MRS. HARRIS V. STATE.

### No. 2254. Decided February 5, 1913.

### Rehearing denied April 2, 1913.

**1.—Fornication—Statement of Facts—Time of Filing.**

Neither bills of exception nor statement of facts in County Court cases filed in the lower court after adjournment can be considered by this court unless an order is made during term time authorizing such filing. Following Hamilton v. State, 65 Texas Crim. Rep., 508.

**2.—Same—Statutes Construed—Precedent.**

The Act of May 14, 1907, p. 446, on the subject of filing statement of facts in the County Court in misdemeanor cases is still in force and is not changed by the enactments of the Revised Statutes of 1911, Civil or Criminal. Following Mosher v. State, 62 Texas Crim. Rep., 42.

**3.—Same—Legislative Intent—Official Court Stenographer.**

The Legislature has made a distinction between statement of facts and the filing of same where there is an official court stenographer and where there is not; and also in felony cases, where there is an official court stenog-

rapher, and in misdemeanor cases in the County Court where there is not such stenographer.

### 4.—Same—Statutes Construed—Independent Statement of Facts.

The Act of May 1, 1909, p. 374, provided that nothing in that Act shall be so construed as to prevent parties from preparing statement of facts on appeal independent of the transcript of the notes of the official shorthand reporter, and thus did not expressly repeal that part of the Act of 1907, p. 509.

### 5.—Same—Duty of Codifiers.

Under the Act of March 19, 1909, p. 130, the codifiers were simply authorized to adopt such of the Revised Statutes, Civil and Criminal, as had not been repealed or amended, and that they should not change the words or punctuations thereof except in cases of evident, clerical or typographical errors, etc.

### 6.—Same—Statutes Construed—Former Law—Repeal.

While the codifiers of the Civil Revised Statutes of 1911 copied the various sections of the various Acts, etc., including the Act of 1909, p. 374; yet, in the Act of 1911, adopting said Revised Statutes, the laws of that Session were not affected by the repealing clause of said Act, and by the Act of March 31, 1911, p. 264, of that Session, the Act of 1909, supra, which had been copied in said Revised Codes, Civil and Criminal, was expressly repealed, and the Act of May 14, 1907, supra, was in no way affected or repealed.

### 7.—Same—Rule of Construction—Repeal by Implication.

See opinion for a full discussion of the rules applicable with reference to the abrogation of particular legislation and repeal by implication, etc.

### 8.—Same—Case Stated—Statement of Facts—Filing in Misdemeanor Cases.

Neither the Revised Statutes, Civil and Criminal, nor the Act of March 31, 1911, p. 264, repeal or otherwise affect the Act of May 14, 1907, p. 446; and a statement of facts in a County Court misdemeanor case must be filed within term time, unless an order of the court during term time is made authorizing it to be filed within twenty days after adjournment; and it must be filed within the time so allowed and which cannot be extended beyond twenty days. Following DeFriend v. State, 153 S. W. Rep., 881.

Appeal from the County Court of Potter. Tried below before the Hon. W. M. Jeter.

Appeal from a conviction of fornication; penalty, a fine of $50.

The opinion states the case.

*C. A. Wright,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On the question of filing statements of facts and bills of exception : Mosher v. State, 62 Texas Crim. Rep., 42; Chaney v. State, 62 id, 67; Griffin v. State, 62 id, 98; Looper v. State, 62 id, 96; Harwell v. State, 62 id, 117; Dilliard v. State, 62 id, 321; Davis v. State, 62 id, 537; Misso v. State, 61 id, 241.

PRENDERGAST, Judge.—Appellants were jointly charged, tried and convicted of fornication and each fined $50.

The term of court at which they were tried convened August 6, 1912, and adjourned October 5, 1912. There is no order of the court below authorizing the filing of the statement of facts or bills of exceptions

after the adjournment of court. What appears to be a statement of facts and bills of exceptions were filed herein on October 18, 1912, some fifteen days after the adjournment of the court.

The Assistant Attorney-General has made a motion to strike out the statement of facts and bills of exceptions, because not authorized to be filed by the court after adjournment. It has been the long and uniform holding of this court that neither bills of exception nor statement of facts in county court cases, filed in the court below after adjournment, can be considered by this court, unless an order is made during term time authorizing this. The motion of the Assistant Attorney-General is therefore granted. Hamilton v. State, 65 Tex. Crim. Rep., 508; 145 S. W. Rep., 348, and cases there cited.

Without a statement of facts and bills of exceptions none of the matters attempted to be raised by appellants in their motion for new trial can be considered. The judgment is, therefore, affirmed.

*Affirmed.*

ON REHEARING.

· April 3, 1913.

PRENDERGAST, JUDGE.—It is only necessary to pass upon the question of whether or not the court was correct in the opinion heretofore rendered in striking out, on motion of the Assistant Attorney-General, the statement of facts because filed after the adjournment of the court without any order allowing this to be done.

This court in the case of Mosher v. State, 62 Texas Crim. Rep., 42, after repeated consultations, thorough consideration and investigation by all the Judges of this court, held that the Act of May 14, 1907, page 446, was still in force, notwithstanding the various Acts theretofore and thereafter passed on the subject of statement of facts in County Courts in misdemeanor cases which had no court stenographer; and that the several acts therein recited, including the Act of May 1, 1909, page 374, did not apply to County Court criminal cases, but as to criminal cases applied only to cases in the District Court which had a regular court stenographer. We have again carefully considered these various enactments, including the enactments of the Revised Statutes of 1911, civil and criminal, and the Act of the Thirty-second Legislature, 1911, page 264, and are of the opinion that so far as the filing of statement of facts in the County Court in criminal cases is concerned, the law is the same now as it was when the opinion in the Mosher case was delivered.

The various laws and enactments by the Legislature up to that time, April 5, 1911, were given in said Mosher case. It is manifest and clear to us from this legislation on this subject that the Legislature has all the time intended to make, and has made, a distinction between statements of facts and the time of filing thereof where there was an official court stenographer, and where there was not; and also in felony

cases where there was an official court stenographer, and in misdemeanor cases in the County Court, where there was not. The titles, and repealing clauses, to these various Acts, as well as the enactments themselves, show this. Thus, the title to the Act of May 1st, 1909, p. 374, is:

"An Act providing for the appointment of official stenographers for District and County courts and County Courts at Law by the judge thereof, and prescribing their qualifications and duties, and providing for their compensation, and prescribing the time and method of making up and filing statements of facts and bills of exception in cases tried in such courts, and repealing Chapter 24 of the Acts of the First Called Session of the Thirtieth Legislature of Texas and all other laws and parts of laws in conflict herewith, and declaring an emergency." Sec. 14 repealed expressly the Act of 1907, p. 509, but said, "provided that nothing in this Act shall be so construed as to prevent parties from preparing statements of fact on appeal, independent of the transcript of the notes of the official shorthand reporter," and then another proviso that the Act should not be retroactive.

The duty of the codifiers, by the Act of March 19, 1909, p. 130, providing for them, expressly stated their duty to be: "To make a complete revision and digest of the laws, civil and criminal, of the State of Texas, and annotate the same in accordance with the provisions of this Act. Said commissioners shall adopt such of the Revised Statutes, Civil and Criminal, *as have not been repealed or amended,* together with an appropriate arrangement of titles, articles, marginal references and chapter head lines, *and shall not change the words or punctuations thereof* except in cases of evident clerical or typographical errors; or to improve the verbiage or make clear the meaning of the text, provided the present numbering or arrangement of the articles is not required to be preserved."

The revisers in the Civil Revised Statutes of 1911, copied the various sections of the various Acts on the subject in said revision, and especially the various sections of said then latest Act of 1909, p. 374; and in said revised Code of Criminal Procedure, Articles 845 and 846, copied those sections of said Act of 1909, which they thought applied to criminal cases only. But it is especially noticeable that theretofore whenever the various Legislatures had adopted revised Penal Codes and Codes of Criminal Procedure, they expressly repealed all laws not therein contained. Not so with said revised Codes of 1911. There is no such repealing clause whatever. But in the very Act adopting said Codes, Sec. 4 thereof, on page 325, is: "Nothing in this Act shall be construed or held to repeal, or in any wise affect, the validity of any law or Act passed by this legislature in its regular session." On this same subject the Act of 1911, adopting said Revised Statutes, civil, in Sec. 17, p. 1720, says: "That no laws, general or special, enacted by the thirty-second legislature, shall be in any way affected by the re-

pealing clause of this title; but any and all such laws shall continue to be the law of this state, this Act of revision to the contrary notwithstanding.'' Then said same Legislature which adopted said Codes, civil and criminal, at its same regular session, enacted the Act of March 31st, 1911, p. 264, which was intended to take the place, and did entirely take the place of said Act of 1909, which had been copied in said revised Codes, civil and criminal, *and expressly repealed said act of 1909;* and, of course, thereby repealed all of it which had been copied in said Codes. Said Act of 1911, which was clearly in lieu and instead of said 1909 Act, in no way affected or repealed said Act of May 14, 1907, p. 446, and was not intended to do so, as held and shown of the Act of which it is in lieu by the opinion in said Mosher case.

The rules applicable to this question are specifically stated in 1 Lewis, Sutherland Statutory Construction, and are to this effect: ''When the legislator frames a statute in general terms or treats a subject in a general manner, it is not reasonable to suppose that he intends to abrogate particular legislation to the details of which he had previously given his attention, applicable only to a part of the same subject, unless the general Act shows a plain intention to do so.'' Page 530, sec. 274.

Again, in the same section on pp. 526-7-8 it is said: ''It is a principle that a general statute without negative words will not repeal by implication from their repugnancy the provisions of a former one which is special, local, or particular, or which is limited in its application, unless there is something in the general law or in the course of legislation upon its subject-matter that makes it manifest that the legislature contemplated and intended a repeal.'' Again: ''It is also a rule that where two statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, although latest in date, will not be held to have repealed the former, but the special Act will prevail in its application to the subject-matter as far as coming within its particular provisions.''

In section 272, page 523, it is said: ''An Act to revise and consolidate the various acts on a general subject will not repeal a particular act relating to some branch of that subject which is omitted from the revision and whose subject-matter is not covered by it.'' Also in section 273, page 524-5, it is said: ''A later law which is merely a re-enactment of a former does not repeal an intermediate act which has qualified or limited the first one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first.'' Again: ''Where a law is substantially re-enacted it is said to show that the legislature did not regard it as repugnant to an intermediate act to some extent covering the same subject.''

Numerous authorities from various States and courts are cited in said work to sustain the texts above quoted.

In the case of W. E. Berry v. State, from Medina County, decided by

this court March 19, 1913, we held that an Act of the Legislature prescribing an offense and punishment therefor, passed in 1899, was not repealed by being left out of the said Revised Criminal Code of 1907.

So in this case we hold that neither the Revised Statutes, civil or criminal, nor the said Act of March 31st, 1911, page 264, repeals or otherwise effects the said Act of May 14, 1907, page 446; and that a statement of facts in a County Court misdemeanor case must be filed within term time, unless an order of the court during term time is made authorizing it to be filed within twenty days after adjournment. In the event the County Court within term time allows this twenty days or any days within twenty, the statement of facts must be filed within such time, and the time cannot be extended longer than twenty days. In this holding we follow what we believe is the intention of the Legislature. The Legislature, and it only, has the power and authority to legislate on this subject, and if a longer or different time is desired, it must be prescribed by the Legislature and not by this court.

This court has been consistent in its holdings in all misdemeanor cases on this subject. It is unnecessary to collate the large number of cases. The latest reported is De Friend vs. State, 153 S. W., 881, decided February 5th, 1913, in an opinion by Presiding Judge Davidson, the same day the original opinion herein was handed down.

The motion for rehearing is overruled.

*Overruled.*