## P. A. STEWART v. STATE.

No. 2237. Decided February 5, 1913.

1.—Local Option—Bill of Exceptions.

Where the bill of exceptions is not approved by the trial judge, the same cannot be considered on appeal.

2.—Same—Charge of Court—Other Transactions—Weight of Evidence—Singling Out Testimony—Intent.

Where, upon trial of a violation of the local option law, there was evidence that intoxicating liquors were found on the premises controlled by defendant and claimed by him, and the court charged the jury that this testimony could only be used for the purpose of showing the intent of the defendant to commit the offense, the same was a charge on the weight of the evidence and reversible error in ascribing it to the purpose of proving intent of defendant. Following Rice v. State, 49 Texas Crim. Rep., 569, and other cases.

Appeal from the District Court of Potter.   Tried below before the Hon. John W. Veale, special Judge.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Reeder & Dooley* .and *W. F. Ramsey,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for violating the local option law.

McMurtry, the Sheriff of Briscoe County, testified to having purchased a bottle of whisky from appellant in Potter County in the city of Amarillo.   This was strenuously denied by appellant, who testified that he did not sell any whisky to McMurtry, but gave him a bottle and that when McMurtry offered to pay him he declined to accept the money.   McMurtry testifies that he went  to appellant to buy the whisky and induced him to sell the whisky to him as a means of aiding the sheriff of Potter County in detecting the violations of local option law.   A deputy sheriff named Pollard testified that after the alleged transaction, he searched apellant's premises and found a lot of whisky and beer in considerable quantities.   There is what purports to be a bill of exceptions in the record to the introduction of this evidence, but the bill is not approved by the trial judge, and, therefore, it cannot be considered.

The court charged the jury as follows:  "In this case certain evidence has been introduced before you tending to establish the fact, that at or about the date of the alleged commission by the defendant of the offense charged, that there was other different intoxicating liquor found on the premises controlled by him, and claimed as the property of the defendant; you are instructed that you cannot consider such possession, if any, of said intoxicating liquors, if any, for any purpose, except for the purpose of showing, if it does, the intent, if any, on the part of the defendant to commit the offense charged in the indictment, if you find any offense was committed."   Various objections were urged to this charge.   We are of the opinion this is a charge upon the weight of the evidence and singles out some of the facts introduced in evidence, and instructed the jury same could be used for a certain purpose.   It is also objected that the evidence could not be used for the purpose mentioned by the court, that is, to show the intent on the part of the defendant to commit the offense charged in the indictment.   We are of the opinion these exceptions are well taken.   The writer has never believed and does· not now believe this court laid down the correct rule in Myers v. State, 52 Texas Crim. Rep., 558 and Wagner v. State, 53 Texas Crim. Rep.,

306. He further believes the correct rule was laid down in the opinions overruled in the Myers case, but the majority of the court has seen proper to lay the rule down as indicated in those opinions, and, therefore, they will be followed by the writer until they are overruled and a correct enunciation of the law made. I do not purpose here to go into a discussion of those matters. In the Myers case the judgment was reversed because over the objection of appellant the State was permitted to show the search for and seizure of intoxicants as mentioned in that opinion, but held it could be shown that the accused had in his possession a large quantity of whisky at or about the time of the offense alleged to have been committed and charged by the prosecution. It was also laid down in Wagner v. State, supra, that this was admissible as confirmatory or as corroborative of the testimony of the State when the issue was whether there had been a sale vel non. The proposition seems to be deducible from those cases that such testimony was admissible as showing that inasmuch as an accused had a large amount of intoxicants on hand, that it would tend to confirm or corroborate the State's witness to the effect that a sale was made. If it is the contention of the State that a sale was made, this character of testimony was admissible as tending to show that inasmuch as he had such intoxicants on hand, that he might have made the sale. But corroborative testimony of this character does not bear only upon the intent. If appellant made a sale, of course he had the intent to make the sale, that is, if the article sold was shown to be an intoxicant and he knew it was an intoxicant at the time he made the sale. It has always been the rule in Texas in all the decisions that the court is prohibited from singling out certain facts and charging the jury in relation to the weight of those facts, unless thereunto authorized by statute. There is no statute authorizing this character of charge in this sort of a case, and the evidence was not introduced for the purpose of showing the defendant's intent, but it was introduced to show the liklihood of the fact that he violated the law and as corroborative of the State's witness McMurtry that a sale was made. The authorities are too numerous to undertake to mention them here. In Barnes v. State, 37 Texas Crim. Rep., 320, it was held that certain evidence as to the appearance of a child three or four months old was not admissible. In that case the jury had been instructed that the evidence with reference to the color of the child's eyes, hair and complexion was admissible solely for the purpose stated in the charge. In that opinion the court said: ''Even if it were admissible and the proof had been offered as to complexion, features, etc., of the defendant, the charge of the court was erroneous in calling attention to a particular part of the testimony that could be used by the jury for no other purpose than to show paternity and thus give it undue weight with the jury.'' The same rule was followed in Martin v. State, 46 Texas Crim. Rep., 285. In the Rice case, 49 Texas Crim. Rep., 569, the same rule was followed, and the

judgment in those cases were reversed on account of the charge upon the weight of the evidence. A review of those cases is not deemed necessary here. And to the same effect is Brown v. State, 25 Texas, 195, and Kirk v. State, 35 Texas Crim. Rep., 224. It was said in Kirk v. State, supra, that the charge should not convey to the jury by any word in the charge, or in any other manner, what the court's impressions are as to any part of the testimony. We are of the opinion that this charge was not only upon the weight of the testimony and singles out the fact that appellant had whisky and it was on hand, but it was further erroneous as a charge on the weight of the evidence in telling the jury for what purpose it was introduced, and for what purpose they could consider it, and also that the court was in error in ascribing it to the purpose to which he did ascribe it in the charge.

The judgment is reversed and the cause is remanded.

*Reversed and Remanded.*