### PRICE DE FRIEND v. STATE.

#### No. 2263. Decided February 5, 1913.

**1.—Carrying Pistol—Statement of Facts.**

Where the statement of facts in a misdemeanor case was filed thirty days after the adjournment of the County Court, the same could not be considered on appeal. Following Mosher v. State, 62 Texas Crim. Rep., 42, 136 S. W. Rep., 467, and other cases.

**2.—Same—Bill of Exceptions—Misdemeanor.**

In misdemeanor cases, the trial court is without authority to authorize the filing of bills of exception after twenty days from the adjournment of the court. Following Misso v. State, 61 Texas Crim. Rep., 241, 135 S. W. Rep., 1173, and other cases.

**3.—Same—Charge of Court—Carrying Pistol.**

Where appellant carried the pistol in the bottom of a buggy on his way home, and then left the road and took the pistol out of the buggy and discharged it several times and then returned it to the bottom of the buggy, there was no error in refusing a requested charge that under such a state of facts, the defendant should be acquitted, although the court's main charge may have to some extent been on the weight of the evidence. Following Hill v. State, 50 Texas Crim. Rep., 619, and other cases.

Appeal from the County Court of Shelby. Tried below before the Hon. E. W. Hooker.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Davis, Davis & Davis,* for appellants.—On question of court's charge: Cathey v. State, 23 Texas Crim. App., 492; Mitchell v. State, 38 Texas Crim. Rep., 170; Hardy v. State, 37 Texas Crim. Rep., 511; Fretwell v. State, 52 Texas Crim. Rep., 499; George v. State, 29 S. W. Rep., 386; Ross v. State, 28 S. W. Rep., 199; Ball v. State, 25 S. W. Rep., 627.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—This conviction was for carrying a pistol in violation of the law.

There are several interesting questions presented in the brief and motion for new trial, based upon the rulings of the court, as shown by bills of exceptions. These can not be considered, however, inas-

much as the statement of facts and bills of exceptions were filed thirty days after the adjournment of court. This is a misdemeanor and the law does not authorize the filing of statements of fact and bills of exception, even under order of the court, after the expiration of twenty days after the court trying the case has adjourned. See Mosher v. State 62 Tex. Crim. Rep., 42, 136 S. W. Rep., 467; McGowen v. State, 63 Tex. Crim. Rep., 85, 138 S. W. Rep., 402; Hooper v. State, 62 Tex. Crim. Rep., 105, 138 S. W. Rep., 396; Davis v. State, 62 Tex. Crim. Rep., 537, 138 S. W. Rep., 396; Thompson v. State, 64 Tex. Crim. Rep., 514, 142 S. W. Rep., 908; Gavinia v. State, 65 Tex. Crim. Rep., 572, 145 S. W. Rep., 594. It is also held that in prosecutions for misdemeanor, the court is without authority to authorize filing bills of exception beyond twenty days from the adjournment of the term. Misso v. State, 61 Tex. Crim. Rep., 544, 135 S. W. Rep., 1173; Sullivan v. State, 62 Tex. Crim. Rep., 410, 137 S. W. Rep., 700; Mueller v. State, 61 Tex. Crim. Rep., 544, 135 S. W. Rep., 751; Gavinia v. State, 65 Tex. Crim. Rep., 572, 145 S. W. Rep., 594. This eliminates all questions raised with reference to the statement of facts and bills of exception.

The motion for new trial criticises that portion of the court's charge which instructed the jury as follows: "You are further charged that by on or about his person, as used in our statutes in connection with the carrying a pistol is meant, that the pistol that is alleged to have been carried must have been within easy access of the person carrying it; that the pistol could have been secured with practically no effort on the part of the person charged. And you are the judges of whether a pistol carried at a certain place comes within this meaning." In this connection appellant offered the following charge which was refused: "You are instructed as a part of the law in this case, that if you find from the evidence that the defendant, Price De Friend drove from the residence of himself and his uncle's to Frank Bright's with a pistol in the bottom of his buggy, and from there towards the home of the prosecuting witness, Mrs. Willie Price, and at a distance from the road leading to her home took the pistol out of the buggy and discharged it one or more times, and then immediately returned it or put it back in the bottom of the buggy, while in the same place at which it was discharged and then went from there to the home of the prosecuting witness and from that point to his home without removing the pistol from the bottom of the buggy, that he would not be guilty of carrying a pistol on or about his person, as charged in the indictment, and if you so find, you will return a verdict of not guilty." This charge was refused. The objection to the court's charge was that it was on the weight of the evidence. While this criticism of the charge may to some extent be correct,—yet, if the facts are as stated in the requested instruction and as intimated in the charge given, we are of the opinion that it was not of such material character as should reverse the

judgment. If appellant carried the pistol under the circumstances indicated in the requested instruction, we are of opinion that he was guilty and the verdict of the jury would be sustained on the facts stated in the requested charge and the court was not in error in refusing said charge. Hill v. State, 50 Texas Crim. Rep., 619; James v. State, 51 Texas Crim. Rep., 633; Johnson v. State, 51 Texas Crim. Rep., 648; Leonard v. State, 56 Texas Crim. Rep., 84; Prewitt v. State, 49 Texas Crim. Rep., 323; Garrett v. State, 25 S. W. 285.

As the record is presented, the evidence and the bills of exceptions being filed too late, we are of opinion there are no such errors presented that require a reversal of the judgment. Therefore, it is ordered that it be affirmed.

*Affirmed.*