## J. M. TERRY v. THE STATE.

### No. 2455. Decided May 14, 1913.

### Rehearing denied June 11, 1913.

**Local Option—Statement of Facts—Bills of Exception.**

　　Where the statement of facts and bills of exception were not filed within due time in the court below, they can not be considered on appeal. Following Durham v. State, 155 S. W. Rep., 222.

Appeal from the County Court of Mitchell. Tried below before the Hon. A. J. Coe.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*John B. Howard,* for appellant.—On question as to filing statement of facts: We submit that the Mosher case, 62 Texas Crim. Rep., 42, 136 S. W. Rep., 467, or the Durham case, 155 S. W. Rep., 222, are not analogous cases. They sustain the Act providing for the appointment of official stenographers for District and County Court by the judges thereof. The Act of May 1, 1909, page 374, we submit that where an official stenographer has been appointed by the court that this Act

applies in misdemeanor criminal cases as well as in others because the Act itself says, that it provides for the appointment of official stenographers for County Courts and County Courts at law by the judge thereof. This court is compelled to cognizance the fact that County Courts and County Courts at law are included in this Act, and that misdemeanor cases are tried in said County Courts and when there has been an official stenographer appointed in a misdemeanor case then this Act applies.

C. E. Lane, Assistant Attorney-General, for the State.—Cited Joyce v. State, 56 Texas Crim. Rep., 333.

PRENDERGAST, Judge.—Appellant was convicted of a misdemeanor for violating the prohibition law in Mitchell County, and the lowest penalty assessed against him.

The term of court at which he was convicted adjourned on February 8, 1913. In the order overruling the motion for new trial appellant was allowed twenty days from adjournment to prepare and file bills of exception and a statement of facts. None of his bills of exception, nor his statement of facts, were filed until thirty days after the court adjourned. Therefore, neither his bills nor his statement of facts can be considered by this court. Durham v. State, 155 S. W. Rep., 222.

Nothing is presented which we can consider in the absence of a statement of facts and bills of exception. The judgment is, therefore, affirmed.

*Affirmed.*

[Rehearing denied June 11, 1913.—Reporter.]