### J. P. CALHOUN v. THE STATE.

No. 2735.   Decided November 12, 1913.

**Injuring Fence of Another—Statement of Facts.**

Where the statement of facts and bills of exception were filed more than twenty days after the adjournment of the County Court, they could not be considered on appeal.   Following Durham v. State, 69 Texas Crim. Rep., 71.

Appeal from the County Court of Grayson.   Tried below before the Hon. J. Q. Adamson.

Appeal from a conviction of unlawfully injuring the fence of another; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—The appellant, under a proper complaint and information under article 1240, Penal Code, was charged with unlawfully breaking, pulling down and injuring the fence of another without his consent.   The jury found him guilty and assessed his punishment at the lowest fine.

The court at which he was tried adjourned July 5, 1913.   The bills of exceptions and statement of facts found in the record were filed more than twenty days thereafter.   The Assistant Attorney-General objects to the consideration of these bills and statement of facts.   Under the uniform holding of this court, neither can be considered by this court. It is unnecessary to collate the authorities.   There are many and they are uniform, but see Durham v. State, 69 Texas Crim. Rep., 71, 155 S. W. Rep., 222.   There is no question raised that can be considered in the absence of a bill of exceptions and statement of facts.

The judgment is, therefore, affirmed.

*Affirmed.*