involve a criminal intent, and under all the authorities would render his general reputation as a law-abiding citizen admissible, if he desired to place it in issue. In Branch's Criminal Law, the rule is said to be: "Defendant may prove his general good character when criminal intention is of the essence of the offense"—citing Poyner v. State, 48 S. W. 516; House v. State, 42 Tex. Cr. R. 128, 57 S. W. 825; Jones v. State, 10 Tex. App. 558; Coffee v. State, 1 Tex. App. 548; Lincecum v. State, 29 Tex. App. 332, 15 S. W. 818, 25 Am. St. Rep. 727; Lann v. State, 25 Tex. App. 497, 8 S. W. 650, 8 Am. St. Rep. 445; Lockhart v. State, 3 Tex. App. 569.

It is true that, in the section of Mr. Underhill on Evidence cited by the court, it is held that in prosecutions for rape his general reputation as a law-abiding citizen is not admissible, but the inquiry should be restricted as to his reputation for chastity and morality, but this has never been the rule in this state. In the case of Jones v. State, 10 Tex. App. 552, also cited by the court, this very question was involved, and this court held that, in prosecutions for rape, evidence of general reputation as a law-abiding citizen was admissible, and that the court erred in excluding such testimony. The decision in the Jones Case, supra, was followed in the case of Lincecum v. State, 29 Tex. App. 332, 15 S. W. 818, 25 Am. St. Rep. 727, and in all our decisions, and, wherever criminal intention is the essence of the offense, such evidence has always been held admissible. And, as we have said, the crime of seduction is based upon the theory that the defendant used the means and made the promise to accomplish the ruin of the girl, with no intention of fulfilling his promise of marriage. This character of evidence comes clearly within the rule.

Appellant's bill as to the testimony of Miss Ethel Harrison, as qualified by the court, presents no error. The court stated the witness was unlettered and unable to understand and was a reluctant witness. Under such circumstances, questions leading in their nature may be propounded. Again, appellant groups a number of questions and answers, and makes a general objection to all of them. Some of the questions embraced were not leading, and this general exception would be insufficient to present any question for review. Ortiz v. State, 151 S. W. 1056.

[2] Bills of exceptions Nos. 1 and 2 were reserved to the argument of the district attorney. As to the remarks actually made there is some confusion, the bills as offered not making it clear what language was in fact used by the district attorney, but the court in approving the two bills says: "I withdrew from the jury all vituperation and abuse used in argument." This would evidence that the district attorney was vituperative and abusive in his argument, and, as this case must be reversed on other grounds, we take occasion to say that under no circumstances is a prosecuting officer justified in resorting to vituperative and abusive language, and, if this practice is carried too far, we might feel called upon to reverse a case for that reason alone.

The two bills relating to the evidence of Lena Harrison and Mrs. Harrison, as qualified and explained by the court, present no error.

The judgment is reversed and the cause remanded.

---

## CALHOUN v. STATE.

(Court of Criminal Appeals of Texas. Nov. 12, 1913.)

CRIMINAL LAW (§ 1099*)—BILL OF EXCEPTIONS—TIME OF FILING.

Bill of exceptions and statement of facts filed by accused more than 20 days after the adjournment of the trial term cannot be considered by the Court of Criminal Appeals.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2866–2880; Dec. Dig. § 1099.*]

Appeal from Grayson County Court; J. Q. Adamson, Judge.

J. T. Calhoun was convicted of unlawfully injuring another's fence, and appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. The appellant, under a proper complaint and information under article 1240, Pen. Code 1911, was charged with unlawfully breaking, pulling down, and injuring the fence of another without his consent. The jury found him guilty and assessed his punishment at the lowest fine.

The court at which he was tried adjourned July 5, 1913. The bills of exceptions and statement of facts found in the record were filed more than 20 days thereafter. The Assistant Attorney General objects to the consideration of these bills and statement of facts. Under the uniform holding of this court, neither can be considered by this court. It is unnecessary to collate the authorities. There are many and they are uniform, but see Durham v. State, 155 S. W. 222. There is no question raised that can be considered in the absence of a bill of exception and statement of facts.

The judgment is therefore affirmed.