### DUDE BUTLER v. THE STATE.

No. 2838.   Decided November 19, 1913.

**1.—Local Option—Statement of Facts—Bills of Exception—Filing—Misdemeanor.**

The statute does not authorize or permit the County Court in misdemeanor cases to allow longer than twenty days after adjournment to file a statement of facts or bills of exception, and where the same were not filed within twenty days from adjournment, they must be stricken out on motion of the State.

**2.—Same—Opinion of Trial Judge.**

The opinion of the trial judge that the law authorized him to grant thirty days after adjournment within which to file statement of facts and bills of exception, by which defendant says he was misled, does not offer any reasonable excuse why these papers were not filed within time.

Appeal from the County Court of Nacogdoches.   Tried below before the Hon. Geo. F. Ingraham.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $75 and thirty days confinement in the county jail.

The opinion states the case.

*V. E. Middlebrook,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited Hooper v. State, 63 Texas Crim. Rep., 86; Richards v. State, 63 id., 176; Wagoner v. State, 63 id., 180; Mosher v. State, 62 id., 42.

PRENDERGAST, PRESIDING JUDGE.—On a proper complaint and information appellant was convicted for unlawfully selling intoxicating liquor in prohibited territory after the proper legal election had been held and the law put in force, and his punishment fixed at a fine of $75 and confinement for thirty days in the county jail.

The court at which he was tried adjourned on August 9, 1913.  The court by an order entered, allowed thirty days to file a statement of facts and bills of exception.   Neither the statement of facts nor any of the bills of exception were filed within twenty days from the adjournment. The Assistant Attorney-General moved to strike out the statement of facts and bills of exceptions because of this.

This court has repeatedly been called upon to investigate and determine whether or not, under the law, the County Court in a misdemeanor case can allow longer than twenty days after adjournment to file these papers; and, after the most complete investigation and consideration of the question, we have uniformly, and in a great many cases, held that the statute does not authorize or permit the County Court in misdemeanor cases to allow longer than twenty days after the adjournment to file these papers, and when the question was raised we have uniformly struck out such papers filed after twenty days.   The appellant's attorney herein has filed an affidavit to the effect that the county judge, who

tried this case, convinced him at the time that the law authorized him to grant thirty days within which time to file these papers, and also furnishes the county judge's written opinion that that is still his opinion of the law.   None of this shows, in law, any legal excuse why these papers were not filed within the time prescribed by law, towit, within twenty days from the adjournment of the court.   This had been the uniform holding of this court.   All have been treated alike.   The reports are full of cases showing that we have struck out such statement of facts and bills of exceptions and not considered them and affirmed the cases.   We deem it entirely unnecessary to again take up and discuss this question, but refer to the case of Durham v. State, 69 Texas Crim. Rep., 71, 155 S. W. Rep., 222, and cases there cited.   Therefore, the motion of the Assistant Attorney-General to strike out these papers is granted and they can not be considered by this court, in the absence of which no question is raised which we can consider.

The judgment is, therefore, affirmed.          *Affirmed.*