## BUTLER v. STATE.

(Court of Criminal Appeals of Texas. Nov. 19, 1913.)

1. CRIMINAL LAW (§§ 1092, 1099*)—APPEAL—STATEMENT OF FACTS AND BILLS OF EXCEPTION—TIME OF FILING.

The county court in a misdemeanor case is not authorized, under the statute, to allow longer than 20 days after the adjournment for filing the statement of facts and bills of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2866–2880, 2919; Dec. Dig. §§ 1092, 1099.*]

2. CRIMINAL LAW (§§ 1095, 1102*)—APPEAL—STATEMENT OF FACTS AND BILLS OF EXCEPTIONS—LATE FILING—EXCUSE.

That the county court in a misdemeanor case, authorized under the statute to allow only 20 days after the adjournment for filing the statement of facts and bills of exceptions, made an order allowing 30 days therefor, and at the time convinced defendant's counsel that the law authorized him to do so, is not, as against a motion to strike them, a legal excuse for not filing them in the 20 days.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2847; Dec. Dig. §§ 1095, 1102.*]

Appeal from Nacogdoches County Court; Geo. F. Ingraham, Judge.

Dude Butler was convicted, and appeals. Motion is made to strike out the statement of facts and bills of exception. Motion granted, and judgment affirmed.

V. E. Middlebrook, of Nacogdoches, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. On a proper complaint and information appellant was convicted for unlawfully selling intoxicating liquor in prohibited territory after the proper legal election had been held and the law put in force, and his punishment fixed at a fine of $75 and confinement for 30 days in the county jail.

[1, 2] The court at which he was tried adjourned on August 9, 1913. The court, by an order entered, allowed 30 days to file a statement of facts and bills of exceptions. Neither the statement of facts nor any of the bills of exceptions were filed within 20 days from the adjournment. The Assistant Attorney General moves to strike out the statement of facts and bills of exceptions because of this. This court has repeatedly been called upon to investigate and determine whether not, under the law, the county court in a misdemeanor case can allow longer than 20 days after adjournment to file these papers; and, after the most complete investigation and consideration of the question, we have uniformly, and in a great many cases, held that the statute does not authorize or permit the county court in misdemeanor cases to allow longer than 20 days after the adjournment to file these papers, and when the question was raised we have uniformly struck out such papers filed after 20 days. The appellant's attorney herein has filed an affidavit to the effect that the county judge who tried this case convinced him at the time that the law authorized him to grant 30 days within which time to file these papers, and also furnishes the county judge's written opinion that that is still his opinion of the law. None of this shows, in law, any legal excuse why these papers were not filed within the time prescribed by law, to wit, within 20 days from the adjournment of the court. This had been the uniform holding of this court. All have been treated alike. The reports are full of cases showing that we have struck out such statement of facts and bills of exceptions and not considered them and affirmed the cases. We deem it entirely unnecessary to again take up and discuss this question, but refer to the case of Durham v. State, 155 S. W. 222, and cases there cited. Therefore the motion of the Assistant Attorney General to strike out these papers is granted, and they cannot be considered by this court, in the absence of which no question is raised which we can consider.

The judgment is therefore affirmed.