### E. PHILLIPS v. THE STATE.

#### No. 2749.   Decided December 3, 1913.

**False Imprisonment—Statement of Facts—Bills of Exception.**

   Where the statement of facts and bills of exception were filed sixty days after adjournment of the County Court, the same are stricken out on motion of the State. Following Durham v. State, 69 Texas Crim. Rep., 71.

Appeal from the County Court of Upshur. Tried below before the Hon. W. H. McClelland.

Appeal from a conviction of false imprisonment; penalty, a fine of $200 and ninety days confinement in the county jail.

The opinion states the case.

*Warren & Briggs,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of falsely imprisoning one W. O. Hayles, and his punishment assessed at a fine of $200, and ninety days imprisonment in the county jail. The term of County Court at which he was tried adjourned May 28, 1913, while the bills of exception and statement of facts were not filed until July 30, 1913,—sixty days after the adjournment of court. This being a misdemeanor conviction, the motion of the Assistant Attorney-General to strike out the statement of facts and bills of exception must be sustained. This question has been so thoroughly discussed in a number of opinions since the passage of the Stenographers' Act in 1911, we do not deem it necessary to do so again. Durham v. State, 69 Texas Crim. Rep., 71, 155 S. W. Rep., 222; De Friend v. State, 69 Texas Crim. Rep., 329, 153 S. W. Rep., 881. The opinions in both those cases were handed down before the convening of the Upshur County Court.

The motion for new trial contains no ground that we can review in the absence of a statement of facts.

The judgment is affirmed.

*Affirmed.*