T. R. T. Orth v. The State.

No. 2893.   Decided December 23, 1913.

**1.—Keeping Disorderly House—Statement of Facts—Bills of Exception.**

Where the alleged statement of facts and bills of exception contained in the record in an appeal from the County Court were not filed within the time prescribed by law, the same could not be considered on appeal.

**2.—Same—Indictment.**

Where, upon trial of keeping a disorderly house for purposes of prostitution, the indictment followed approved precedent, the same was sufficient. Following Willis v. State, 34 Texas Crim. Rep., 148, and other cases.

Appeal from the County Court of Wichita.   Tried below before the Hon. C. B. Felder.

Appeal from a conviction of keeping a disorderly house for purposes of prostitution; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Charles C. Huff* and *Orville Bullington*, for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.—On question of filing statement of facts:   Gamble v. State, 66 Texas Crim. Rep., 297, 146 S. W. Rep., 551; Lee v. State, 67 Texas Crim. Rep., 34, 148 S. W. Rep., 316.

HARPER, Judge.—Appellant was prosecuted and convicted under an indictment charging that he "was the owner of a house then and there situate; which said house he did then and there unlawfully keep, was concerned in keeping, and knowingly permitted to be kept as a house for the purpose of prostitution and where prostitutes were permitted to resort and reside for the purposes of plying their vocation." He was convicted and his punishment assessed at a fine of $200 and imprisonment in the county jail for twenty days.

At the threshold we are met with the motion of the Assistant Attorney-General to strike out the bills of exception and statement of facts contained in the record, because they were not filed within the time prescribed by law.   Appellant's able counsel have filed a brief in which they earnestly insist we are wrong in the construction heretofore given

to the Acts of the Legislature governing these matters.   Every contention of appellant is disposed of in the case of Durham v. State, 69 Texas Crim. Rep., 71, 155 S. W. Rep., 222, and as we see no reason to change our views in this matter, we respectfully refer to that opinion, and the motion of the Assistant Attorney-General is sustained.   See also De Friend v. State, 69 Texas Crim. Rep., 329, 153 S. W. Rep., 881, and cases there cited.   This of necessity disposes of all questions presented in the motion for a new trial, except the one wherein the sufficiency of the indictment is challenged.   All questions raised by him were decided adversely to his contention in the cases of Willis v. State, 34 Texas Crim. Rep., 148; Merrell v. State, 29 S. W. Rep., 41; Schulze v. State, 28 Texas Crim. App., 316, 56 S. W. Rep., 918, and cases cited in these opinions.

*Affirmed.*

DAVIDSON, JUDGE, absent.