### Jim Staha v. The State.

#### No. 2719.     Decided January 1, 1914.

**1.—Misdemeanor Theft—Statement of Facts.**

A purported statement of facts filed more than twenty days after the adjournment of the County Court can not be considered on appeal.

**2.—Same—Information—Complaint—Idem Sonans.**

The names "Hanak" and "Hanik" are idem sonans, and a motion to quash the complaint and information on account of a variance of the name alleged was properly overruled. Following Gentry v. State, 62 Texas Crim. Rep., 497, and other cases.

Appeal from the County Court of Lavaca. Tried below before the Hon. P. H. Green.

Appeal from a conviction of misdemeanor theft; penalty, sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant appeals from a conviction for petty theft. The statement of facts was filed more than twenty days after the adjournment of the court and can not therefore, be considered. Durham v. State, 69 Texas Crim. Rep., 71, 155 S. W. Rep., 222, and De Friend v. State, 69 Texas Crim. Rep., 329, 153 S. W. Rep., 881.

The only question we can consider without a statement of facts is appellant's motion to quash the complaint and information. His motion to quash is that the complaint alleged the ownership of the stolen property in "V. A. Hanik" or "V. A. Hanek," when the information alleges the name to be "V. A. Hanak." The complaint and information copied in the record in every instance shows that the name was spelled exactly the same way, "V. A. Hanak." This matter was all before the court below and the papers before him. He overruled the motion to quash. There is a bill of exceptions in the record in which it is complained that the appellant was not permitted to prove by the witness Hanak before the jury that he was not known as "Hanik," claiming that that was the way his name was spelled in the complaint. The State objected to this because it was a matter the jury had nothing to do with and the court had already passed upon the question. The court sustained the State's objection. In no event is any error shown in this matter because the names "Hanak" and "Hanik" are idem sonans. Gentry v. State, 62 Texas Crim. Rep., 497; American, etc., v. Rodriquez, 145 S. W. Rep., 654; Smith v. State, 63 Texas Crim. Rep., 183. The judgment is affirmed.

*Affirmed.*