A. B. Ferguson v. The State.

No. 2942. Decided January 21, 1914.

**1.—Sale of Intoxicating Liquors—Lewd Women—Information—Constitutional Law.**

Article 626, Penal Code, providing the punishment for a retail malt liquor dealer to permit lewd women on his premises is constitutional, and the information being sufficient, there was no error in overruling the motion to quash.

**2.—Same—Statement of Facts—Bills of Exception.**

Where the purported statement of facts and bills of exception were filed more than twenty days after the adjournment of the County Court, the same could not be considered on appeal, and in the absence thereof the case must be affirmed. Following Butler v. State, 72 Texas Crim. Rep., 81, 160 S. W. Rep., 1191, and other cases.

Appeal from the County Court of McLennan. Tried below before the Hon. George N. Denton.

Appeal from a conviction of permitting lewd women on the premises of a retail liquor dealer; penalty, a fine of $500 and six months confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—In this case appellant was prosecuted under Penal Code, article 626, for permitting lewd women on his premises, he being a retail malt liquor dealer. His punishment was fixed at a fine of $500 and six months imprisonment in jail. After the formal part the complaint and information charge that in said State and county on or about March 26, 1913, appellant "who was then and there a retail malt dealer, engaged in and pursuing the occupation of selling malt liquor exclusively, capable of producing intoxication, in quantities of one gallon and less, at his place of business, situated on lot six, block twenty-two, of the Bell-Meade Court Addition to the city of Waco, Texas, and described in his license (said license being issued to him and one D. M. Malone jointly, as a place about two miles east of Waco, and about two hundred yards south of the Katy railroad tracks) he, the said A. B. Ferguson, did then and there permit lewd women on his premises, used for the purpose and under the license aforesaid, against the peace and dignity of the State."

Said article of the Code is: "No retail liquor dealer, or retail malt dealer, shall employ, or suffer to be employed, other than a member of his family, any female as a servant, bartender or waitress in his place of business, nor permit on said premises any dancer, singer or lewd woman; and any person violating the provisions of this article shall be deemed guilty of a misdemeanor, and, upon conviction, shall be punished by imprisonment in the county jail for not more than twelve months, or by a fine not exceeding five hundred dollars, or both such fine and imprisonment."

Appellant made a motion to quash the complaint and information on these grounds: They present no offense against the laws of Texas; they are too general, vague and indefinite; they do not allege the name or names of the lewd woman, or women, alleged to be permitted to enter his premises. The law upon which the prosecution is found is void and unconstitutional, it' makes it an offense to permit lewd women to enter a retail malt liquor dealer's premises and does not make it an offense for any other woman to do so. The court overruled this motion. Appellant has in no way briefed the case. We think his motion was correctly overruled by the lower court.

The term of court at which the case was tried convened on May 5th and adjourned June 21, 1913. There is in the record what purports to be a statement of facts and several bills of exception, all of which

were filed more than twenty days after the adjournment of the court. The Assistant Attorney-General has made a motion to strike them out because filed too late. Under the many and uniform decisions of this court and the statute, the motion is well taken·and said documents are struck out. DeFriend v. State, 69 Texas Crim. Rep., 329, 153 S. W. Rep., 881; Durham v. State, 69 Texas Crim. Rep., 71, 155 S. W. Rep., 222; Butler v. State, 72 Texas Crim. Rep., 81, 160 S. W. Rep., 1191, decided November 19, 1913.

In the absence of a statement of facts and bills of exceptions no question is raised that we can review. The judgment is, therefore, affirmed.

*Affirmed.*