MARY BELL HATCHER v. THE STATE.

No. 3252.   Decided October 21, 1914.

Rehearing denied November 18, 1914.

1.—Slander of Female—Information—Innuendo.

Where, upon trial of slandering a female, the language alleged in the information imputed a want of chastity to the slandered woman, no innuendo was necessary to make this clear, and there was no error in overruling a motion to quash.

2.—Same—Name of Defendant.

Where defendant complained that the information did not set out her true name and suggested her true name, and the pleadings were properly corrected in accordance thereto, there was no error. Following Crescencio v. State, 73 Texas Crim. Rep., 436.

3.—Same—Statement of Facts—Filing.

Where, upon appeal from a misdemeanor, the alleged statement of facts was filed in the County Court after adjournment without a further extension of time, the same must be stricken out on motion of the State. Following Durham v. State, 69 Texas Crim. Rep., 71.

Appeal from the County Court of Jackson. Tried below before the Hon. J. W. Bagby.

Appeal from a conviction of slandering a female; penalty, a fine of $100.

The opinion states the case.

*Gordon Lawson* and *E. E. Bateman,* for appellant.—On question of filing statement of facts: King v. State, 59 Texas Crim. Rep., 511, 129 S. W. Rep., 626.

*C. E. Lane,* Assistant Attorney General, for the State.—On question of changing name of defendant: Bassett v. State, 4 Texas Crim. App., 41; Wilson v. State, 6 id., 154; Colter v. State, 41 Texas Crim. Rep., 78; Branch's Crim. Law, sec. 23, subdiv. 3.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of slander and the lowest punishment assessed against her.

The complaint and information charged, in the language of the statute, that she falsely and maliciously and wantonly imputed a want of chastity to a married woman, naming her, in the presence and hearing of certain persons, naming them, in that she said that the husband of the slandered woman was not the father of the child recently born to her but that its father was one of the Ashley boys. This language, without question, imputed a want of chastity to the slandered woman and needed no innuendo to make it clear. So that the court did not err in overruling appellant's motion to quash the complaint and information because of a want of an innuendo.

The appellant's name was given originally in the complaint and information as Clara Bell Hatcher. Her true name was Mary Bell Hatcher. She moved to quash the pleadings on that account. The court entered an order that, it being suggested by defendant's counsel that her name was Mary, etc., instead of Clara, the pleadings be corrected, and instructed the clerk to note the change on the minutes, which was done. The court committed no error in so doing. Crescencio v. State, 73 Texas Crim. Rep., 436, 165 S. W. Rep., 936.

The term of court at which this case was tried, adjourned May 9, 1914. No order was made allowing any time after adjournment to file a statement of facts. What purports to be such statement shows to have been agreed to, approved and filed May 21, 1914. The Assistant Attorney General moves the court to strike out said statement of facts because not filed in term time, which is here granted. Durham v. State, 69 Texas Crim. Rep., 71, 155 S. W. Rep., 222.

There is no other question raised which can be considered in the absence of a statement of facts. The judgment is affirmed.

*Affirmed.*