### COTTON CANTRELL v. THE STATE.

#### No. 3998. Decided March 22, 1916.

**Selling Intoxicating Liquors Without License—Statement of Facts—Bills of Exception.**

Where, upon conviction of a misdemeanor in the County Court, the statement of facts and bills of exception were filed too late, they must be stricken out on motion of the State. Following DeFriend v. State, 69 Texas Crim. Rep., 329, 153 S. W. Rep., 881, and other cases.

Appeal from the County Court of Bell. Tried below before the Hon. W. S. Shipp.

Appeal from a conviction of selling intoxicating liquors without license; penalty, a fine of $2500 and one day confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—This is a misdemeanor conviction. The term of court at which appellant was convicted adjourned November 30, 1915. The statement of facts contained in the record was not approved until January 3, and after being approved on that date was not filed until February 13, 1916,—some eighty-five days after the adjournment of County Court for that term. The bills of exception contained in the record do not show when filed with the clerk of the County Court, but the date of approval by the judge shows they were approved within the time allowed by law in which they could be legally filed. Therefore, the motion of the Assistant Attorney General to strike the statement of facts and bills of exception from the transcript must be sustained. DeFriend v. State, 69 Texas Crim. Rep., 329, 153 S. W. Rep., 881; Durham v. State, 69 Texas Crim. Rep., 71, 155 S. W. Rep., 222.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE, absent.