F. B. CRUTCHER v. THE STATE.

No. 4062.   Decided May 10, 1916.

**1.—Swindling—Statement of Facts—Bills of Exception—Misdemeanor—County Court.**

Where the County Court allowed twenty days after adjournment in which to file bills of exception and a statement of facts and refused further time, the clerk had no authority to file these papers at a later date. Following Durham v. State, 69 Texas Crim. Rep., 71, and other cases.

**2.—Same—Indictment.**

Where the indictment for swindling followed approved precedent, the same was sufficient.

Appeal from the County Court of Hays. Tried below before the Hon. J. R. Wilhelm.

Appeal from a conviction of swindling; penalty, a fine of ten dollars. The opinion states the case.

J. D. *Moore,* for appellant.

C. C. *McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of swindling and his punishment assessed at a fine of ten dollars and fifteen minutes in the county jail.

The Assistant Attorney General moves to strike out the bills of exception and statement of facts because not filed within the time allowed by law. This being a misdemeanor, the court allowed twenty days after adjournment of court for the term in which to file the bills and a statement of the evidence. At the expiration of this time appellant asked for an extension of time, which was refused by the court, nevertheless the appellant had the clerk at a later date to file the papers anyway. The clerk had no authority to file the papers under such circumstances, and the motion of the Assistant Attorney General must be sustained. Durham v. State, 69 Texas Crim. Rep., 71; DeFriend v. State, 69 Texas Crim. Rep., 329.

There is a motion in the record to quash the indictment, alleging no specific ground, but stating generally that it charges no offense against the law. The indictment alleges that false representations were made; that two dollars in money was obtained by said false representations; that the representations so made were false and fraudulently made to obtain the money, and that appellant knew the representations were false and fraudulent when made.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 7, 1916.—Reporter.]